## SHORT v. SINAI

No. 2752

September 22, 1927.                        259 P. 417.

1. SURETY—GUARANTY—OBLIGATIONS, DEFENSES.

Surety is bound equally with principal as original promisor and as a debtor from the beginning, and cannot protect himself by indulgence of creditor or want of notice of default of principal, whereas contract of guarantor is own separate contract in nature of warranty, and guarantor need only answer for default of principal, and need not take notice of default, and is discharged to extent of damage by failure to give him notice of default.

2. FRAUDS, STATUTE OF—PARTNERSHIP—SURETY—GUARANTY.

Obligation binding partner and another person to pay to the other partner a specified sum, conditioned to be void if the first partner should pay partnership creditors, or in any manner release the second partner's obligation to partnership creditors, held a contract of suretyship, rather than one of guaranty, and hence not void for failure to express consideration as required by Rev. Laws, 1075.

C. J.-CYC. REFERENCES

FRAUDS, STATUTE OF—27 C. J. sec. 68, p. 167, n. 49.
GUARANTY—28 C. J. sec. 5, p. 890, n. 46; p. 891, n. 49, 51.
SURETY—32 Cyc. p. 21, n. 52.

APPEAL from Second Judicial District Court, Washoe County; *George A. Bartlett,* Judge.

Action by Charles Short against Charles Sinai and another. From a judgment in favor of plaintiff and an order denying a new trial, defendants appeal. **Affirmed.**

*Green & Lunsford,* for Appellant:

Complaint does not state cause of action against Devincenzi. As pleaded, his promise is collateral to answer for debt of another within meaning of subdivision 2, Rev. Laws, 1075. He was not member of partnership and had no connection with primary obligation of Sinai.

Statute makes no distinction between surety and guarantor. No Nevada case can be found holding contract

of surety is not to answer for debt, etc., of another. 27 C. J. 132; 25 R. C. L. 482; Mankin v. Jones, 60 SE. 248.

Sound rule is that promise may or may not be within statute, dependent upon whether it is original or collateral promise to be established mainly by purpose of promisor, person to whom credit was given, and existence of consideration beneficial to promisor. 27 C. J. 155, "Frauds, Statute of."

*LeRoy F. Pike,* for Respondent:

Appellant incorrectly assumes that bond is contract of guaranty and therefore within statute of frauds, and being within statute, does not express sufficient consideration. Acting on this false assumption he cites many authorities not in point.

When sponsor for another assumes primary liability, whether conditional or not in sense of being immediate or postponed, he is surety; but when responsibility is secondary or collateral, he is guarantor. 21 R. C. L. 949; 31 C. J. 414; Western S. Co. v. Kelly, 131 NW. 808.

Surety undertakes to pay if debtor does not; guarantor if he cannot. Principal and surety enter into joint and several contract; guarantor contracts alone. Sykes v. Everett, 4 A. L. R. 758; Saint v. Wheeler Mfg. Co., 10 So. 539.

Promise to debtor to assume his debt, though enforcible by creditor, is not within statute. Williston, sec. 478.

## OPINION

By the Court, DUCKER, J.:

This is an action whereby plaintiff seeks to recover against Charles Sinai, as principal, and L. Devincenzi, as surety, upon an alleged undertaking of Sinai and Devincenzi to protect the plaintiff against a certain partnership debt owed by him and Sinai as partners. The opening brief of plaintiff contains a concise statement of the facts as shown by the pleadings, which, for

convenience, we will adopt, with such changes as may be necessary.

It appears from the complaint that on or about the 15th day of February, 1922, the plaintiff, Charles Short, and the defendant Charles Sinai were partners operating a clothing store in the city of Reno, known as "the Smart Shop." On or about the date last mentioned they dissolved partnership, and the said Charles Sinai agreed to assume certain debts owing by the said Charles Short and Charles Sinai, copartners, upon the consideration of the payment of certain debts by said Charles Short. At the time of said dissolution of partnership, the said Charles Sinai and the said L. Devincenzi entered into the following agreement, to wit:

"Be it known that we, Charles Sinai and L. Devincenzi, both of the city of Reno, county of Washoe, State of Nevada, as principal and surety respectively, are held and firmly bound unto Charles Short, of the same place, in the sum of forty-five hundred ($4,500.00) current lawful money of the United States of America, to be paid to the said Charles Short, his executors, administrators, or assigns; for which payment well and truly to be paid, we bind ourselves, our heirs, executors, and administrators, jointly and severally, firmly by these presents. Dated the 15th day of February, 1922.

"The condition of the above obligation is such that, if the above bounden Charles Sinai shall well and truly pay, or cause to be paid, unto the following named creditors of the Smart Shop, or in any manner release the above Charles Short from any obligation of debt to the said following named creditors, then the above obligation to be void; otherwise, to remain in full force and effect: [Here follows a list of creditors, 28 in number, and their respective claims.] Signed and delivered in the presence of John S. Siani."

The foregoing instrument is signed and acknowledged before a notary public by Charles Sinai and L. Devincenzi as of date February 15, 1922.

The complaint further alleges that, after making the bond, Charles Siani and L. Devincenzi paid certain of the creditors named therein, but failed and refused to

pay the claim of Alfred Decker & Cohn, one of said creditors, whose claim amounted to $452.30, besides interest. It is further alleged that said Alfred Decker & Cohn made a demand on Charles Short for the payment of said claim, with threat of suit, and that Short, in turn, demanded of Sinai and Devincenzi that they pay the claim, which they refused to do. It is then alleged that Short, having no legal defense against the claim, was compelled to pay the same, and that the plaintiff has been damaged in the sum of $452.30, besides interest at the legal rate by the refusal of Sinai and Devincenzi to pay said claim. The defendant L. Devincenzi filed a separate answer to the above complaint after his demurrer thereto had been overruled. By the answer he denied that he executed the same undertaking specified in the complaint. He admitted that at the request of Charles Sinai, and without any consideration from either Sinai or Short, he had signed a paper for the accommodation of Charles Sinai, but he alleged that the paper which he signed contained only the third paragraph of the alleged bond and did not contain the names of any of the creditors against whose claims it was alleged he was bound to protect Short. He further alleged that it did not contain the name, nor mention the claim of Alfred Decker & Cohn, being the claim here sued on. Defendant Devincenzi further denied that he ever acknowledged the alleged bond before a notary, as the notarial certificate thereof purports to show. Devincenzi further alleged that after he had signed the said paper it was materially altered without his knowledge or consent by adding thereto the first two paragraphs and inserting therein the names of the said alleged creditors, and the amounts purporting to be claimed by them, and he denied that he had ever, by said paper or otherwise, promised to pay the claims of any of said creditors or of Alfred Decker & Cohn. He further set up the alteration of the instrument as a separate and affirmative defense.

The case was tried before the court and on March 1, 1926, judgment was rendered in favor of plaintiff and against the defendant Devincenzi for the sum of $452.30,

from which judgment and the order denying his motion for a new trial he has appealed. So far as appears from the evidence Devincenzi received no consideration for his undertaking.

It is contended by the appellant that the alleged undertaking was an attempt to make him liable to answer to Short for the debt, default, or miscarriage of Sinai in relation to the debts named in the writing, and that said alleged undertaking is void as against Devincenzi for the reason that it fails to express any consideration, as required by section 1075 of the Revised Laws of Nevada.

1. The result of this appeal, as we view it, turns upon the question of whether or not the obligation sued upon is one of guaranty or suretyship. If it is the former, the judgment must be reversed; if the latter, it must be affirmed. As has been repeatedly pointed out, an obligation of a guarantor possesses some of the elements of suretyship and because of this fact some courts have confused the two, yet there are certain well-defined lines of demarkation between the two relationships.

We know of no statement which more clearly points out the distinction between the two relationships than that given in McMillan v. Bull's Head Bank, 32 Ind. 11, 2 Am. Rep. 323, and hence adopt it as our guide in this case. It reads:

"The surety is bound with his principal as an original promisor; he is a debtor from the beginning, and must see that the debt is paid, and is held ordinarily to know every default of his principal, and cannot protect himself by the mere indulgence of the creditor, nor by want of notice of the default of the principal, however such indulgence or want of notice may, in fact, injure him. Being bound with the principal, his obligation to pay is equally absolute. On the other hand, the contract of a guarantor is his own separate contract; it is in the nature of a warranty by him that the thing guaranteed to be done by the principal shall be done, not merely an engagement jointly with the principal, to do the thing. A guarantor, not being a joint contractor with his principal, is not bound to do what the principal has contracted to do, like a surety, but only to answer for the

consequences of the default of the principal. The original contract of the principal is not his contract, and he is not bound to take notice of its nonperformance, and therefore the creditor should give him notice; and it is universally held that, if the guarantor can prove that he has suffered damage by the failure to give such notice, he will be discharged to the extent of the damage thus sustained. It is not so with a surety."

Other authorities in line with the one quoted from are 2 Williston on Contracts, sec. 1211; Rouse v. Wooten, 140 N. C. 557, 53 SE. 430, 111 Am. St. Rep. 875, 6 Ann. Cas. 280; News-Times v. Doolittle, 51 Colo. 386, 118 P. 974; In Re Kelly's Estate, 173 Mich. 492, 139 NW. 250, Ann. Cas. 1914D, 848, 28 C. J. 890; 21 R. C. L. 949.

**2.** In the instant case Devincenzi is not bound to the creditors of Short and Sinai, but he is bound with Sinai as an original promisor to the agreement made by Sinai with Short that he (Sinai) would pay certain of the creditors of the partnership. He is a debtor from the beginning, and could not protect himself by the mere indulgence of Short, nor because of want of notice of the default of the principal, which he could have done if a mere guarantor. This being true, it is not a case of a promise to answer for the debt, default, or miscarriage of another, and hence the consideration need not be stated.

It is also urged that after Devincenzi executed the undertaking it was materially altered as alleged in the complaint without his consent, and is therefore void. The trial court found that Devincenzi entered into the undertaking in question.

We think that there is sufficient evidence to sustain this finding.

The judgment is affirmed.

It is so ordered.

### ON PETITION FOR REHEARING

December 1, 1927.

*Per Curiam:*

Rehearing denied.