FIRST NATIONAL BANK OF NEVADA AND PAULA BELL, COADMINISTRATORS OF THE ESTATE OF VICTOR F. WHITTLESEA, APPELLANTS AND CROSS-RESPONDENTS, v. INEZ BARENGO, RESPONDENT AND CROSS-APPELLANT.

No. 7403

June 12, 1975                    536 P.2d 487

*Guild, Hagen & Clark, Ltd.,* and *Bruce Robb,* of Reno, for Appellants and Cross-Respondents.

*Lohse and Lohse,* of Reno, for Respondent and Cross-Appellant.

## OPINION

By the Court, THOMPSON, J.:

On April 1, 1970, Lee and Mary Jane Carter executed a promissory note in the amount of $12,000 in favor of Inez Barengo, and secured payment thereof by a deed of trust on real property owned by them. Victor Whittlesea signed that note as guarantor.[1] The Carters defaulted.

Whittlesea died in February 1972. Barengo filed a creditor's claim against his estate which was rejected. This action then was commenced to recover the sum due on the note. Barengo did not proceed against the Carters, nor did she foreclose the deed of trust. The district court believed this action to be premature since Barengo had failed to exhaust her security. Consequently, it dismissed without prejudice. The administrators of the Whittlesea Estate have appealed asserting that the dismissal should have been with prejudice. Barengo has cross-appealed, contending that the court erred in dismissing her case.

The so-called "one action rule" of NRS 40.430(1), considered by this court in McMillan v. United Mortgage Co., 82 Nev. 117, 412 P.2d 604 (1966), and Nevada Land & Mtge. v. Hidden Wells, 83 Nev. 501, 435 P.2d 198 (1967), and distinguished in Paramount Ins. v. Rayson & Smitley, 86 Nev. 644, 472 P.2d 530 (1970), with regard to judicial foreclosure does not, in our view, bear upon the obligation of a guarantor to honor his separate, independent contract of guaranty. A contract of guaranty is to be separately considered.

---

[1] On the face of the note are these words: "For Value Received, the undersigned hereby guarantees the payment of the foregoing obligation and all renewals or extensions thereof, and does hereby waive demand, presentation, protest and notice thereof and notice of non-payment.

Dated:   April 1, 1970

V. Whittlesea
        Guarantor."

Bank of Nevada v. Friedman, 82 Nev. 417, 420 P.2d 1 (1966); Randono v. Turk, 86 Nev. 123, 466 P.2d 218 (1970); cf. Short v. Sinai, 50 Nev. 346, 259 P. 417 (1927), and Glens Falls Ins. v. First Nat'l Bank, 83 Nev. 196, 427 P.2d 1 (1967), concerning suretyship.

This issue recently was considered by the United States District Court for the District of Nevada. Coombs v. Heers, 366 F.Supp. 851 (1973). That court ruled that the "one-action" statute, NRS 40.430(1), does not include a guarantor within its ambit of protection, and that the creditor may sue the guarantor without first proceeding against the maker of the note or the security given therefor. Id at 855, 856. In our view, the federal court correctly perceived the Nevada law.

There is nothing in the record before us to suggest that Victor Whittlesea occupied any status other than that of guarantor. It is clear that Inez Barengo would not have made the loan but for the guaranty of Whittlesea. Authority elsewhere declares that where a note is signed by a guarantor, the guarantor must pay the same according to its tenor, and the holder need not first resort to the maker as a precondition to suit against the guarantor. Brown University v. Landati, 320 A.2d 609 (R.I. 1974); Sadler v. Kay, 172 S.E.2d 202 (Ga. App. 1969); Liberty Nat'l B. & T. Co. of Savannah v. Interstate Motel Dev., 346 F.Supp. 890 (D.C. Ga. 1972).

NRS 104.3416 states: " 'Payment guaranteed' or equivalent words added to a signature mean that the signer engages that if the instrument is not paid when due he will pay it according to its tenor without resort by the holder to any other party." Such is the rule when the promissory note is secured by a chattel mortgage. Etelson v. Suburban Trust Co., 283 A.2d 408 (Md.Ct.App. 1971). Security in the form of a deed of trust does not place the guarantor in a different position. Coombs v. Heers, supra.

The order below dismissing Barengo's action without prejudice is reversed, and the cause remanded for trial. The appeal by the administrators of the Whittlesea Estate is denied.

GUNDERSON, C. J., and BATJER, ZENOFF, and MOWBRAY, JJ., concur.