MANUFACTURERS AND TRADERS TRUST COMPANY, A NEW YORK CORPORATION; AND GORDON R. GROSS, A NOMINEE OF THE TRUSTEES OF DOMINION MORTGAGE & REALTY TRUST, A MASSACHUSETTS BUSINESS TRUST, PETITIONERS, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK AND THE HONORABLE JOHN F. MENDOZA, JUDGE THEREOF, RESPONDENTS.

No. 10005

August 9, 1978                              583 P.2d 444

*Lionel Sawyer & Collins* and *Paul R. Hejmanowski,* Las Vegas, for Petitioners.

*Thomas E. Lea,* Las Vegas, for Respondents.

## OPINION

By the Court, MOWBRAY, J.:

The narrow issue presented is whether guarantors of a promissory note secured by a deed of trust are entitled to the protection of NRS 40.451 to 40.459, inclusive, governing deficiency judgments, when the creditor has previously exercised its power of sale under the deed of trust.[1] This is an original proceeding in mandamus in which petitioners seek a writ directing the trial court to grant summary judgment in their favor. The petitioners, as plaintiffs below, commenced this action in the district court to collect a deficiency judgment on the remaining balance due on the note after property securing the note had been sold at a trustee's sale.

---

[1]NRS 40.451. "As used in NRS 40.453 to 40.459, inclusive, "indebtedness" means the principal balance of the obligation secured by a mortgage or deed of trust, together with all interest accrued and unpaid prior to the time of sale, all costs and fees of such foreclosure sale, all advances made with respect to the property by the beneficiary, and all other amounts secured by the mortgage or deed of trust or which constitute a lien on the real property in favor of the person seeking the deficiency judgment. Such amount constituting a lien is limited to the amount of the consideration paid by the lienholder."

NRS 40.453.

"1. It is hereby declared by the legislature to be against public policy for any document relating to the sale of real property to contain any provision

Petitioners and defendants filed cross motions for summary judgment. Defendants' primary defense in the district court suit, was that as guarantors of an obligation secured by a deed of trust, they were entitled to the deficiency judgment protections of NRS 40.451 to 40.459. These provisions require a creditor seeking a deficiency judgment following a trustee's sale to apply for such judgment within three months from the date of sale (NRS 40.455), and limit the amount of such judgment to the difference between the fair market value of the property and the amount of indebtedness remaining at the date of sale (NRS 40.459). The trial court agreed, granting summary judgment for defendants. The court ruled that "as a matter of law the amount of liability of the defendants as guarantors is limited and must be determined in accordance with NRS 40.451 through 40.459".

Petitioners subsequently filed this petition for a writ of mandamus directing the trial court to enter summary judgment in their favor. They concede that if the deficiency statutes apply, they are not entitled to recovery against defendants, since they failed to file suit within three months of the date of sale. They

whereby a mortgagor or trustor waives any right secured to him by the laws of this state.

"2. No court shall enforce any such provision."

NRS 40.455. "Upon application of the judgment creditor or the trustee within 3 months from the date of the foreclosure sale or the trustee's sale held pursuant to NRS 107.080, respectively, and after the hearing conducted under NRS 40.457, the court may award a deficiency judgment to the judgment creditor or trustee if it appears from the sheriff's return or the recital of consideration in the trustee's deed that there is a deficiency of sale proceeds and a balance remaining due to the judgment creditor or the trustee, respectively."

NRS 40.457.

"1. Before awarding a deficiency judgment under NRS 40.455, the court shall hold a hearing and shall take evidence presented by either party concerning the fair market value of the property sold as of the date of foreclosure sale or trustee's sale. Notice of such hearing shall be served upon all defendants who have appeared in the action and against whom a deficiency judgment is sought, or upon their attorneys of record, at least 15 days before the date set for hearing.

"2. Upon application of any party made at least 10 days before the date set for the hearing the court shall, or upon its own motion the court may, appoint an appraiser to appraise the property sold as of the date of foreclosure sale or trustee's sale. Such appraiser shall file with the clerk his appraisal, which is admissible in evidence. . . ."

NRS 40.459. "After the hearing under NRS 40.457, the court may award a money judgment against the defendant or defendants personally liable for the debt. The court shall not render judgment for more than the amount by which the amount of indebtedness which was secured by the mortgage, deed of trust or other lien at the time of the foreclosure sale or trustee's sale, as the case may be, exceeded the fair market value of the property sold at the time of such sale, with interest from the date of such sale. In no event shall the court award such judgment, exclusive of interest after the date of such sale, in an amount exceeding the difference between the amount for which the property was actually sold at the foreclosure sale or trustee's sale and the amount of indebtedness which was secured by the mortgage, deed of trust or other lien at the time of such sale."

■

urge, however, that the trial court erred in its determination that the deficiency judgment statutes (NRS 40.451 to 40.459) apply to a suit upon an independent contract of guaranty.

A preliminary issue presented by any petition for a writ of mandamus is whether the case is appropriate for consideration upon such petition, rather than by appeal. In the case at hand, respondents have joined petitioners in urging the court to consider the matter upon the petition. Since the material facts are undisputed, "[m]andamus is an appropriate vehicle to challenge the district court's denial of summary judgment". Laakonen v. District Court, 91 Nev. 506, 508, n. 2, 538 P.2d 574, 575, n. 2 (1975); Dzack v. Marshall, 80 Nev. 345, 393 P.2d 610 (1964); NRAP 3A(b)(5).

## THE ISSUE

This court has recently ruled that a creditor is not required to pursue the maker of the note, or the real property security, before suing the guarantor of a note secured by a mortgage or deed of trust for the full amount of the indebtedness remaining on the note. First National Bank of Nevada v. Barengo, 91 Nev. 396, 536 P.2d 487 (1975). The question presented by this case is whether, if a creditor does choose to pursue his remedy against the property before suing a guarantor, he may thereafter sue the guarantors for any remaining indebtedness on the note without complying with the requirements and limitations of NRS 40.451 to 40.459, *supra.*

The rationale and statutory interpretation applied by this court in *Barengo,* and by the federal district court in Coombs v. Heers, 366 F.Supp. 851 (D. Nev. 1973), endorsed by this court in *Barengo,* fully support the contention that the legislature did not intend to extend the protection of the deficiency judgment statutes to guarantors.

*Barengo* and *Coombs* each dealt with the so-called "one action rule" of NRS 40.430, requiring one action, in accordance with the deficiency judgment provisions of NRS 40.440 to 40.459, "for the recovery of any debt, or for the enforcement of any right secured by mortgage or lien upon real estate". In both cases, guarantors of promissory notes secured by deeds of trust contended that NRS 40.430 precluded creditors from suing the guarantors without complying with the deficiency judgment statutes. In each case, the court concluded that the legislature had not intended to include guarantors within the protection of NRS 40.430.

The court in *Coombs* indicated the broad policy basis for its decision:

"[T]he practical effect of defendants' argument would be to transpose all of the protections afforded a principal debtor into the guarantor contract, simply on the basis of a fear that those protections will otherwise be evaded in some cases. Such is not the law. . . . And such an approach may well prove socially undesirable. . . . a small corporate borrower may find it impossible to secure loan funds if corporate lenders cannot require and look to a guarantor that will remain liable in the face of a defense, such as bankruptcy, available to the principal debtor." 366 F.Supp 855.

In *Barengo,* this court determined that the federal court had correctly interpreted the law of Nevada. "The so-called 'one action rule' of NRS 40.430 . . . does not, in our view, bear upon the obligation of a guarantor to honor his separate, independent contract of guaranty. A contract of guaranty is to be separately considered." (citations omitted). 91 Nev. 397, 536 , P.2d 487. The courts ruled, in effect, that a separate, independent contract of guaranty is not a "debt . . . secured by mortgage or lien upon real estate", simply by virtue of the fact that the note guaranteed is so secured.

Respondents suggest that the provisions of NRS 40.451 to 40.459 call for a different interpretation in the case at hand. They rely principally upon the language of NRS 40.459, which places a fair market value limitation upon the award of a deficiency judgment "against the defendant or defendants personally liable for the debt", and the language of NRS 40.457(1), which requires that notice of the hearing be served upon "all defendants who have appeared in the action and against whom a deficiency judgment is sought". Respondents suggest that since the legislature, in the anti-waiver provision of NRS 40.453(1), referred specifically to a "mortgagor or trustor", a broader classification—including guarantors—must have been intended by the language of NRS 40.457(1) and 40.459.

In effect, the respondent guarantors, as in *Barengo* and *Coombs,* are contending that a guaranty of a note secured by a mortgage or deed of trust is, itself, a debt secured by the mortgage or deed of trust, rather than a separate obligation, and that a suit upon such contract of guaranty therefore results in a "deficiency judgment" within the meaning of the statute. We do not agree. This is precisely the argument which was rejected by both courts in *Barengo* and *Coombs.* While the scope of the deficiency judgment statutes may include others besides the original mortgagor (*see,* e.g., Everts v. Matteson, 132 P.2d 476 (Cal. 1943) (grantee, but not guarantor, entitled to protection

of California's deficiency judgment statute); or Short v. Sinai, 50 Nev. 346, 259 P. 417 (1927) (a surety, unlike a guarantor, is bound with his principal as an original promissor)), there is no basis in the statutory language cited by respondents for concluding that the ruling adopted by this court in *Barengo* does not apply to the deficiency judgment statutes in question.

The rule in Nevada is that:

> "The guaranty of a note is not a promise to answer for the debt of the maker . . . when it is negotiated in consideration of value received by the guarantor, but it becomes the original and absolute obligation of the guarantor himself, whereby he promises to pay his own debt to the guarantee; that is to say, the debt he owes his guarantee for what he has received from the latter. The note meanwhile is delivered and held as collateral to the promise of the guarantor. If the maker pays it at the date of its maturity, the guarantor's obligation is by that fact discharged; but, if the maker fails to pay, the guarantor remains liable upon his own obligation, which is absolute and independent of the note itself." Randono v. Turk, 86 Nev. 123, 131, 466 P.2d 218, 223 (1970), quoting Swenson v. Stoltz, 78 P. 999, 1000 (Wash. 1904).

The separate, independent contract of the guarantor thus constitutes an independent obligation, which is not itself "secured by" any other security which the creditor may have for the note. This is underscored not only by the approach, but by the result, in *Barengo:* a guarantor may be sued upon his independent obligation *regardless* of any other security which may be available for the note. The separate nature of a guaranty contract under Nevada law is also reflected in the rule that a statute which bars relief against the maker of the note does not thereby bar relief against the guarantor; each obligation is considered separately. *See* Bank of Nevada v. Friedman, 82 Nev. 417, 420 P.2d 1 (1966) (statute of limitations). Therefore, the conclusion that guarantors' obligations are to be considered without reference to the statutory protections afforded a principal debtor is consistent with Nevada case law regarding the nature of a contract of guaranty. Nor is there any basis in the statutory language for concluding that defendants were entitled to the protection of the deficiency judgment statutes (NRS 40.451 to 40.459) because the creditor had elected to pursue his remedy under the deed of trust before suing the guarantors for the amount of indebtedness remaining on the promissory note which they had guaranteed.[2]

---

[2]The California courts have consistently refused to extend the deficiency judgment statutes to guarantors. As stated by Professor J. Hetland, *Deficiency*

Consequently, a writ of mandamus shall issue directing the district court forthwith to enter summary judgment for petitioners.

It is so ordered.

BATJER, C. J., and THOMPSON and MANOUKIAN, JJ., concur.

GUNDERSON, J., dissenting:

I respectfully dissent. By its holding today, the majority creates the prospect, clearly contrary to legislative intent, that creditors will be able to effect a recovery from guarantors far beyond that to which they are entitled.

1. The statutory scheme involved, NRS 40.451 et seq., is specifically designed to prevent a creditor from subjecting obligors to a deficiency without first seeking a judgment from the district court within three months of foreclosure or trustee's sale. The purpose of the procedure is to fix the value of the security and thereby prevent imposition upon the obligors. Here, the creditors did not comply with the statutory provisions. They therefore acknowledge that they are precluded from seeking any deficiency against the principal obligor. However, they seek to recover the total "deficiency" against a guarantor, whom they allege is not entitled to statutory protection. Such reasoning must be rejected because, first, it would indirectly subject the principal obligor to the same deficiency which could not be directly recovered.

It is an elementary tenet of law that once a guarantor pays the alleged deficiency under the note, he is then subrogated to the rights of the creditor to pursue the maker of the note (and the principal obligor) for any amounts paid on the maker's behalf. *Cf.* Union Bank v. Gradsky, 71 Cal.Rptr. 64 (Cal.App. 1968). Under generally accepted principles, the maker-obligor could therefore be subjected by indirection to a debt which could not be recovered directly. Furthermore, to avoid this, if the maker-obligor were allowed to assert a defense against the guarantor under the deficiency statute—a defense created solely by the creditor's failure to act—the result would be to subject the guarantor to a defense which he never contemplated, and which does not result from his own actions, but from the creditor's neglect. This result clearly does not follow from the statute in question.

2. Moreover, concerning possible double recovery, I note

*Judgment Limitations in California—A New Judicial Approach,* 51 Cal.L.Rev. 1, 27 (1963): "The main difficulty with applying the sections [California antideficiency statutes] to additional security in either form [guarantor or personal property] is not that it does not make sense, *but rather that the legislature has not done so.*" [Emphasis added.] As this court recently stated in another context, "although this contention has some appeal, it is one to be submitted to the legislature rather than to us." Outboard Marine Corp. v. Schupbach, 93 Nev. 158, 561 P.2d 450 (1977).

this court held in McMillan v. United Mortgage Co., 82 Nev, 117, 412 P.2d 604 (1966), that a creditor could foreclose on a deed of trust at an-extra-judicial sale and still recover a deficiency. Therefore the legislature took remedial action in 1969 by adding NRS 40.451 et seq., to force a creditor to come to court within three months of foreclosure or trustee's sale, and present evidence "concerning the fair market value. of the property sold as of the date of . . . sale." NRS 40.457. Thus, obligors were assured that only one recovery would be effected against them. That is, the creditor could only recover one judgment, no greater than the amount of the outstanding indebtedness, less the value of the security.

The majority narrowly construes the statutory scheme to deny guarantors this protection. However, from the language adopted by the Legislature to describe the parties, it seems apparent that they truly intended to prevent imposition upon all "defendants" liable, and not simply protect mortgagors and trustors.

NRS 40.453 declares that it is against public policy for a document to contain a waiver of a right secured to a "mortgagor or trustor." However, the statutory provisions dealing directly with deficiencies refer to "*defendants* personally liable for the debt." NRS 40.459. *See also* NRS 40.457(1). It therefore seems inconsistent to only protect the principal obligors. Other courts, in construing similar statutes have held that guarantors are entitled to the same protection as the obligor. *See* North End Bank & Trust Co. v. Mandell, 155 A. 80 (Conn. 1931); Bedcro Realty Corp. v. Brooklyn Trust Co., 49 N.E.2d 992 (N.Y.App. 1943); State Bank of Albany v. Amak Enterprises, 353 N.Y.S. 857 (N.Y.App.Term. 1974). I submit there is no valid reason to construe this remedial legislation otherwise.