An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CREATIVE TOUCH INTERIORS, Petitioner, vs. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE; AND THE HONORABLE BRENT T. ADAMS, DISTRICT JUDGE, Respondents, and THOMAS M. BROWN, Real Party in Interest. | No. 63457 |

**FILED**

SEP 20 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER GRANTING PETITION FOR WRIT OF MANDAMUS*

This is an original petition for a writ of mandamus or prohibition challenging a district court order staying a contract action against a guarantor based on the bankruptcy of the debtor.

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (citations omitted); *see* NRS 34.160. It is within this court's discretion to determine whether a writ petition will be considered. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Petitioner bears the burden of demonstrating that this court's extraordinary intervention is warranted. *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

In this case, petitioner (creditor) filed an action against respondent (guarantor) seeking payment on an obligation after the debtor

SUPREME COURT
OF
NEVADA

(O) 1947A

13-28049

filed Chapter 11 bankruptcy. The district court stayed the action, finding that the 11 U.S.C. § 362 automatic bankruptcy stay applied and that the amount of the underlying obligation was uncertain because of the bankruptcy litigation.

As to the automatic bankruptcy stay, the stay is generally applicable to the debtor only, not a guarantor. *See In re PTI Holding Corp.*, 346 B.R. 820, 833-34 (Bankr. D. Nev. 2006); *Edwards v. Ghandour*, 123 Nev. 105, 113-14 & n.10, 159 P.3d 1086, 1091-92 & n.10 (2007) (explaining that the automatic bankruptcy stay does not apply to co-debtors and guarantors), *abrogated on other grounds by Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1053-54, 194 P.3d 709, 712-13 (2008); *Mfrs. & Traders Trust Co. v. Eighth Judicial Dist. Court*, 94 Nev. 551, 556, 583 P.2d 444, 447 (1978) (holding that a guaranty is a contract separate from the underlying debt obligation), *overruled on unrelated grounds by First Interstate Bank of Nev. v. Shields*, 102 Nev. 616, 730 P.2d 429 (1986). As to the uncertainty of the underlying obligation in the bankruptcy case, the discharge or partial payment of the debt in bankruptcy by itself will not diminish the amounts owed by the guarantor, the district court has not made any findings or conclusions of law that the terms of the guaranty contract will be satisfied by payment or discharge through bankruptcy, and should the guarantor be required to satisfy the debtor's debt under the guaranty contract, the guarantor will be subrogated to the petitioner's rights in the bankruptcy. *See In re Harvey Cole Co.*, 2 B.R. 517, 520 (Bankr. W.D. Wash. 1980) (noting that "the creditor thus has a right, unaffected by bankruptcy, to turn to the guarantor for satisfaction of a debt," and the guarantor then becomes subrogated to the rights of the creditor against the debtor).

Accordingly, having considered the parties arguments and the appendices, we conclude that the district court improperly granted the stay, and we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its order staying the litigation.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:     Hon. Brent T. Adams, District Judge
        Dubowsky Law Office, Chtd.
        Gunderson Law Firm
        Washoe District Court Clerk