(583 P.2d 389)
No. 49,452

First National Bank of Anthony, Kansas, *Appellant,* v. Ruth King, *Appellee.*

Opinion filed August 11, 1978.

*Larry T. Solomon* and *Robert S. Wunsch,* of Wunsch, Wunsch & Gaumer, of Kingman, for the appellant.

*Theodore C. Geisert,* of Geisert & Heer, of Kingman, for the appellee.

Before Rees, P.J., Spencer and Parks, JJ.

Parks, J.: This is an action upon a guaranty agreement whereby defendant Ruth King promised to pay the plaintiff bank for loans made to and for the benefit of her husband, Ellis King.

Plaintiff, First National Bank of Anthony, Kansas, sued Ellis King on certain promissory notes in the Harper County district court (Case No. 10,045). King set up his prior discharge in bankruptcy as a defense and filed a counterclaim alleging malicious prosecution. Plaintiff and Ellis King reached a compromise, and by agreement the case was dismissed with prejudice.

Ellis and Ruth King then executed a promissory note to the plaintiff for the sum of $7500, to be secured by a mortgage on their homestead. That note and mortgage were executed in the presence of the bank's president, its attorney, and Ellis King's attorney. Prior to executing the instruments, Ruth King asked whether the note would settle all matters disputed between plaintiff, her husband, and herself. Mr. Hamilton, attorney for Ellis King, responded that it would, in fact, settle all matters in dispute and that the only remaining obligation which the Kings would owe the bank was the $7500 note. Neither Mr. Albright, attorney for the bank, nor Mr. Briggs, its president, said anything in response to the question or in contradiction to the statement made by Mr. Hamilton.

A little more than a year after the dismissal of Case No. 10,045, plaintiff filed this action alleging that Ruth King, as guarantor of loans made to her husband, was liable for the promissory notes

previously signed by him. The amount of this claim was the total value of the notes, less the $7500 note which had been paid as part of the compromise.

The trial court held that Ellis King was released and all of his prior obligations extinguished by the dismissal of Case No. 10,045 and furthermore, that the defendant Ruth King was likewise released as guarantor of such obligations. The bank appeals.

The primary question raised by plaintiff on appeal is whether the dismissal of Case No. 10,045, with prejudice, extinguished the original debt relieving defendant Ruth King of her obligation under the guaranty agreement.

"A guaranty is a contract between two or more persons, founded upon consideration, by which one person promises to answer to another for the debt, default or miscarriage of a third person, and, in a legal sense, has relation to some other contract or obligation with reference to which it is a collateral undertaking. The contract of a guarantor is his own separate contract. It is in the nature of a warranty by him that the thing guaranteed to be done by the principal shall be done, and is not an engagement jointly with the principal to do the thing. A guarantor, not being a joint contractor with the principal, is not bound like a surety to do what the principal had contracted to do, but answers only for the default of the principal. The original contract of his principal is not his contract. (*Bomud Co. v. Yockey Oil Co.*, 180 Kan. 109, 299 P.2d 72 [1956], 58 A.L.R.2d 1265, and authorities cited therein.)" *Trego WaKeeney State Bank v. Maier*, 214 Kan. 169, 173, 519 P.2d 743 (1974).

In order to be relieved from his obligation to pay, a guarantor must establish one of three facts: (1) extinguishment of the debt; (2) a valid release or discharge; or (3) the bar of the statute of limitations as to himself. *Bomud Co. v. Yockey Oil Co.*, supra, p. 113.

The record clearly shows that the dismissal approved by the plaintiff and by defendant's husband in Case No. 10,045 was based on the same promissory notes and security agreement which plaintiff now seeks to enforce against the defendant. The dismissal with prejudice is a matter of record. After examining the journal entry, we conclude that it was the intention of the parties to release Ellis King from further liability. Thus the dismissal extinguished the debt owed by Ellis King.

Upon appellate review, this court accepts as true the evidence, and all inferences to be drawn therefrom, which supports or tends to support the findings in the trial court, and disregards any conflicting evidence or other inferences which might be drawn therefrom. *Highland Lumber Co., Inc. v. Knudson*, 219 Kan. 366, Syl. ¶ 4, 548 P.2d 719 (1976).

We find no reason that justifies disturbing the trial court's findings and conclusions that Ellis King's obligations were extinguished and that defendant Ruth King was likewise relieved of the obligations as guarantor.

Our conclusion on this issue makes it unnecessary for us to discuss the other points raised by the appellant.

Judgment is affirmed.