CHARLES H. THOMAS, Appellant, *v.* VALLEY BANK OF NEVADA, Respondent.

No. 11720

June 25, 1981                                              629 P.2d 1205

*Goodman, Oshins, Brown & Singer,* and *Kirby R. Wells,* Las Vegas, for Appellant.

*John Peter Lee, Ltd.,* and *Richard McKnight,* Las Vegas, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

The issue presented on this appeal is whether the protections of the anti-deficiency legislation, NRS 40.451 *et seq.,* apply to

guarantors. Appellant asks us to reconsider our decision in Manufacturers & Traders Trust v. Dist. Ct., 94 Nev. 551, 583 P.2d 444 (1978) in which we held that they do not.

## THE FACTS

Respondent, Valley Bank of Nevada (Bank) loaned C. H. Thomas Investments Inc. (Corporation) $165,000.00 for the purchase and development of certain real property. Corporation gave Bank its note for the amount of the loan, secured by a trust deed covering the property. Appellant, Charles H. Thomas, (Guarantor) signed a separate agreement with Bank guaranteeing payment of the note.[1]

Corporation defaulted and Bank foreclosed on the security, purchasing the property at the foreclosure sale for $100,000.00.

Bank then sought a deficiency judgment against Corporation for approximately $34,000.00, the difference between Bank's bid for the security and the amount of the principal debt. In the same action Bank sued Thomas on his contract of guaranty for the same amount.

The district court, relying upon our decision in Manufacturers & Traders Trust v. Dist. Ct., *supra,* ruled that Thomas, as guarantor, was not entitled to the protection of the anti-deficiency statutes. The district court entered judgment against Thomas for the difference between the price paid for the security at the foreclosure sale and the total amount of the debt.

---

[1]The terms of said guaranty provide in pertinent part:

"For value received the undersigned, jointly and severally, guarantee and promise to pay the note on the reverse hereof and all extensions and renewals thereof, which extensions and renewals may be made without notice to or consent of the undersigned and all taxes and insurance premiums and other sums that may become due and payable under and by virtue of the provisions of any Deed of Trust, Security Agreement, or other instrument of security, securing the aforesaid note and hereby waive . . . (b) the right, if any, to the benefit of, or to direct the application of any security hypothecated to the holder until all indebtedness of the maker to the holder, howsoever arising, shall have been paid; (c) the right to require the holder to proceed against any person, or to pursue any other remedy in the holder's power; *and agree that the holder may proceed against the undersigned directly and independently of any person, and that the cessation of the liability of the maker for any reason other than full payment, or any extension, renewal, forbearance, change of rate of interest, or acceptance, release or substitution of security, of any impairment or suspension of the holder's remedies or rights against any person shall not in any way affect the liability of the undersigned hereunder."* (Emphasis added.)
∎

The court refused to enter judgment against the principal obligor, the Corporation.[2] Thomas, the guarantor, appeals.

## THE ANTI-DEFICIENCY STATUTES

We hold that the anti-deficiency statutes, NRS 40.451 *et seq.*, do not apply to the obligations of guarantors. The language of the statutes in question confines their applicability to debts "secured by a mortgage or deed of trust," NRS 40.451. The guarantor's contract is not a secured obligation, and the protection of NRS 40.459, which limits the amount of a deficiency judgment to the difference between the fair market value of the security at the time of sale and the total amount of the debt, does not apply to the contract of guaranty. First National Bank of Nevada v. Barengo, 91 Nev. 396, 536 P.2d 487 (1975); Randono v. Turk, 86 Nev. 123, 466 P.2d 218 (1970); Short v. Sinai, 50 Nev. 346, 259 P.417 (1927); *see also* Coombs v. Heers, 366 F.Supp. 851 (D. Nev. 1973).

The definition of a debt in NRS 40.451[3] declares that only the principal obligation, which is secured by the property mortgaged or subject to a deed of trust, is covered by the anti-deficiency statute. It has always been the law of this state that a contract of guaranty is not a secured obligation, even if the primary obligation is secured. Randono v. Turk, *supra*. The anti-deficiency statute is designed to protect obligors who give security as collateral. Since the guarantor has no interest in the security, there is no need to seek a deficiency judgment, under the statute, against him; his liability as guarantor is defined by his independent contract with the creditor.

The consistent law of this state, that a contract of guaranty is an obligation quite separate from the primary debt, does not

---

[2]Although the district court refused to enter a deficiency judgment against the primary obligor, the corporate defendant below, its findings indicate that the property which secured the primary obligation, upon which the respondent foreclosed, was sold at its fair market value.

The Court in its conclusions of law ruled:

"4. That the sole bid made at the foreclosure sale was $100,000.00 by Valley Bank of Nevada. That said bid encompassed all nine parcels of land. That the bid was fair and equitable as an estimation of the fair market value as of April 22, 1976 [sic], of all nine properties.

"5. That $100,000.00 is the proper amount to be deducted from the $132,809.64 due and owing on the promissory note on the date of foreclosure."

[3]NRS 40.451 provides, in pertinent part, that " 'indebtedness' means the principal balance of the obligation secured by a *mortgage or deed of trust.*" (Emphasis added.)

leave the guarantor without protection in a case of this sort. The measure of the guarantor's liability is determined by his own contract of guaranty. If the primary debt is secured, we discern no impediment to a guaranty providing for liability only to the extent that a deficiency judgment would be obtainable against the primary debtor. The most obvious protection for the guarantor would be to attend the foreclosure sale of the security and bid up the price to its fair market value: by that means he would ensure that his liability under the contract of guaranty would be precisely coextensive with the potential liability of the primary debtor under the anti-deficiency statute.

Considerable confusion is apparent in the arguments of the parties which rely upon California law. The fundamental principle of the guaranty law of Nevada is the distinction between guarantors, whose obligations are wholly separate from the principal obligation guaranteed, and sureties, who are co-obligors with the principal debtor. This distinction between guarantors and sureties has been abolished by statute in California, Cal. Civ. Code § 2787, but it remains in force in Nevada. Short v. Sinai, *supra*. Although a surety's liability is measured by that of the principal, this Court has never held that a guarantor's liability must be thus limited. *See* Bank of Nevada v. Friedman, 82 Nev. 417, 420 P.2d 1 (1966) (guarantor held liable even though statute of limitations had run against principal obligor).

Accordingly, we reaffirm our holding in Manufacturers & Traders Trust v. Dist. Ct., *supra,* and we therefore affirm.

MANOUKIAN, J., and GRIFFIN, D. J.,[4] concur.

GUNDERSON, C. J., with whom BATJER, J., concurs, dissenting:

The sole issue raised by appellant is whether the district court erred by concluding that appellant, as an individual guarantor of the note sued upon, was not entitled to the protection of NRS 40.451 to 40.459 inclusive.[1] In concluding that the appellant was not entitled to the protection of these provisions, the

[4]The Governor designated The Honorable Michael R. Griffin, Judge of the First Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const., art. 6, § 4.

[1]The pertinent language in these provisions for purposes of this appeal is the following:
"40.453   1.   It is hereby declared by the legislature to be against public policy for any document relating to the sale of real property to contain any provision whereby a mortgagor or trustor waives any right secured to him by the laws of this state.
"2.   No court shall enforce any such provision."

district court relied on this court's opinion in Manufacturers & Traders Trust v. Dist. Ct., 94 Nev. 551, 583 P.2d 444 (1978). The appellant asks us to reconsider our decision in *Manufacturers* and either to distinguish that case from the instant matter or to overrule that decision.

Justice BATJER and I believe that, as a matter of law, the appellant, as an individual guarantor of the note sued upon, is protected by NRS 40.451 to 40.459 inclusive. Accordingly, we would overrule that portion of this court's decision in *Manufacturers* which holds that the protections of NRS 40.451, *et seq.*, are afforded only to principal obligors and do not apply to guarantors.

Properly interpreted, we believe the language adopted by the Legislature to describe the parties in NRS 40.451 *et seq.* should be read to protect all "defendants" who are potentially liable (including guarantors), and not simply mortgagors and trustors. NRS 40.453 declares that it is against public policy for a document to contain a waiver of a right secured to a "mortgagor or trustor." However, the statutory provisions dealing directly with deficiencies refer to *"defendants* personally liable for the debt." NRS 40.459. (Emphasis added.) *See also* NRS 40.457(1). It therefore is inconsistent with that express language to protect only the principal obligors.

In *Manufacturers,* this court relied in part on the fact that, "California courts have consistently refused to extend the deficiency judgment statutes to guarantors." *See* fn. 2 in *Manufacturers* at 556. However, examination of the California statutes

"40.455  Upon application of the judgment creditor or the beneficiary of the deed of trust within 3 months from the date of the foreclosure sale or the trustee's sale held pursuant to NRS 107.080, respectively, and after the hearing conducted under NRS 40.457, the court may award a deficiency judgment to the judgment creditor or the beneficiary of the deed of trust if it appears from the sheriff's return or the recital of consideration in the trustee's deed that there is a deficiency of sale proceeds and a balance remaining due to the judgment creditor or the beneficiary of the deed of trust, respectively."

"40.457  1.  Before awarding a deficiency judgment under NRS 40.455, the court shall hold a hearing and shall take evidence presented by either party concerning the fair market value of the property sold as of the date of foreclosure sale or trustee's sale. Notice of such hearing shall be served upon all defendants who have appeared in the action and against whom a deficiency judgment is sought, or upon their attorneys of record, at least 15 days before the date set for hearing.

"2.  Upon application of any party made at least 10 days before the date set for the hearing the court shall, or upon its own motion the court may, appoint an appraiser to appraise the property sold as of the date of foreclosure sale or trustee's sale. . . . Any appraiser so appointed may be called and examined as a witness by any party or by the court. . . ."

"40.459  After the hearing under NRS 40.457, the court may award a money judgment against the defendant or defendants personally liable for the debt. . . ."

in question, *i.e.,* West's Ann. C.C.P. § 580(a)-(d), discloses that they contain no language comparable to that found in NRS 40.457(1) concerning the right of *"all defendants"* to receive notice of the hearing which must be held prior to the award of a deficiency judgment. Nor do the California statutes contain language like that found in NRS 40.459 concerning the court's capacity to *"award a money judgment against the defendant or defendants personally liable for the debt."* (Emphasis added.) The comparable California statutory provisions speak exclusively about "mortgagees or trustees" whenever they mention parties.

Moreover, it is an elementary tenet of law that once a guarantor pays the alleged deficiency under the note, he is then subrogated to the rights of the creditor to pursue the maker of the note (and the principal obligor) for any amounts paid on the maker's behalf. *Cf.* Union Bank v. Gradsky, 71 Cal. Rptr. 64 (Cal.App. 1968). Under generally accepted principles, the maker-obligor can therefore be subjected by indirection to a debt which could not be recovered directly. Furthermore, if we attempt to avoid this result, by allowing the maker-obligor to assert a defense against the guarantor under the deficiency statute—a defense created solely by the creditor's failure to act—then the result will be to subject the guarantor to a defense which he never contemplated, and which results not from his own actions, but from the creditor's neglect.

We therefore respectfully submit that the court's ruling in *Manufacturers* is untenable and should be overruled.