FIRST INTERSTATE BANK OF NEVADA, A NATIONAL BANKING CORPORATION, APPELLANT, *v.* ALLAN D. SHIELDS AND FERN SHIELDS, RESPONDENTS.

No. 16679

December 23, 1986                                   730 P.2d 429

[Rehearing pending June 26, 1987]

*Hale, Lane, Peek, Dennison & Howard* and *Donald A. Lattin,* and *Gregg Zive,* Reno, for Appellant.

*Diehl, Evans & Associates,* Fallon, for Respondents.

## OPINION

*Per Curiam:*

Respondent Allan D. Shields and Robert Boucher formed a partnership under the name of Farmhouse Properties. Farmhouse Properties borrowed $88,000 from appellant First Interstate Bank (FIB). The loan was evidenced by a promissory note secured by a deed of trust on realty. Allan Shields, respondent Fern Shields and Boucher personally guaranteed the payment of the note. Allan Shields thereafter sold his interest in the partnership. The purchaser of his interest and Boucher agreed to indemnify Allan Shields for all partnership debts, including the obligation at issue. Farmhouse Properties defaulted on the note. FIB purchased the realty for $70,000 at the ensuing trustee's sale.

FIB thereafter sought by its complaint to recover the deficiency judgment for the amount by which the total remaining indebtedness exceeded the amount bid on the realty by FIB at the trustee's sale.[1] The Shields moved for summary judgment on the ground

---

[1] It can hardly be gainsaid that the realty was worth substantially more than the $70,000 bid by FIB at the trustee's sale. During oral argument, and as otherwise supported in the record, counsel for FIB admitted that the bank was prepared to bid up to $95,000 for the property. According to FIB's complaint, at the time of the trustee's sale on May 16, 1983, the total debt included $87,712.71 principal, plus interest, costs, and fees and costs incurred in connection with the trustee's sale.

they were protected by the deficiency judgment statutes (NRS 40.451 through 40.459, inclusive). The district court granted respondent's summary judgment and this appeal followed.[2]

FIB primarily argues that Fern Shields, as a guarantor and the spouse of a partner, is not protected by the deficiency judgment legislation. We disagree.

Although we have previously held that the protection of the deficiency judgment legislation is inapplicable to an action on a guaranty contract (Component Systems Corp. v. District Court, 101 Nev. 76, 692 P.2d 1296 (1985); Manufacturers & Traders Trust v. Dist. Ct., 94 Nev. 551, 583 P.2d 444 (1978); Thomas v. Valley Bank of Nevada, 97 Nev. 320, 629 P.2d 1205 (1981)), we are now convinced that it is unsound to deny guarantors the benefits of such legislation. For reasons hereafter expressed, we hereby disapprove and overrule our opinions in *Manufacturers & Traders Trust* and *Thomas* to the extent they are inconsistent with our ruling in this case.

Nevada's deficiency legislation is designed to achieve fairness to all parties to a transaction secured in whole or in part by realty. To the creditor-obligee, fairness is provided by a recovery methodology that will make the creditor whole if the components for debt satisfaction exist under the panoply of assets peculiar to a given transaction. Conversely, fairness is accorded obligors by permitting creditors who have sought to satisfy an indebtedness through sale of a trustor's or mortgagor's realty, to secure a deficiency judgment only to the extent any alleged deficiency exceeds the fair market value of the sold realty. In other words, obligors are assured that creditors in Nevada may not reap a windfall at an obligor's expense by acquiring the secured realty at a bid price unrelated to the fair market value of the property and thereafter proceeding against available obligors for the difference between such a deflated price and the balance of the debt. It is

---

[2]NRS 40.455 provides that the judgment creditor must apply to the court for a deficiency judgment within three months after the date of the trustee's sale of the realty. This action was filed approximately six months after the date of the trustee's sale. Respondents therefore argue that the deficiency action was untimely.

Farmhouse Properties filed for bankruptcy in December 1982. FIB contends that the bankruptcy law stayed the time in which it could file its deficiency action, although the parties stipulated to lift the stay to permit appellant to conduct the trustee's sale. 11 U.S.C. § 108. FIB therefore concludes that the deficiency legislation does not bar this action. The district court, in implicitly resolving the issue of the timeliness of the complaint in respondents' favor, was correct. A deficiency action against respondents was not affected by the bankruptcy proceedings concerning the partnership, Farmhouse Properties.

irrefutably clear that the salutary purposes of the legislative scheme for recovering legitimate deficiencies would be attenuated, if not entirely circumvented in specific instances, by denying guarantors, or any other form of obligor, the protection provided by the deficiency statutes. A lender in Nevada is not privileged to manipulate sources of recovery in order to realize debt satisfaction in amounts substantially greater than the balance of the debt due.

Contrary to our earlier pronouncements, our instant ruling does not constitute an expansion of statutory scope regarding deficiency entitlements. Indeed, NRS 40.457 requires a hearing and the taking of evidence concerning the fair market value of the property sold and notice of the hearing to *all* defendants against whom a deficiency judgment is sought. The purpose for such a hearing together with its notice requirement is evident. Since a creditor is entitled to a single satisfaction of an outstanding debt irrespective of the value of its security and the number and financial strength of primary obligors, sureties or guarantors, the threshold issue under the legislative scheme is to determine whether, in fact, a deficiency in debt satisfaction remains after the creditor has sold the real property securing the debt. If the trial court determines that the fair market value of the property at the time of sale exceeded the amount due the creditor, no deficiency exists and no party, guarantor included, may be held liable to the creditor. This, of course, explains why all parties against whom the creditor may seek a deficiency judgment, must be given notice of the hearing.

If we were to accede to FIB's proposition that a guarantor is denied the protection afforded by the deficiency legislation, we would thereby detach lenders from the deficiency standard imposed by the legislature and subject guarantors to the vagaries of a lender's scruples in any given transaction. The way would thus be paved for an unscrupulous lender to bid an insignificant price for real property of a true and sufficient value to satisfy the debt it secured, and then pursue a second essentially full satisfaction from a financially responsible guarantor. Any less extreme variant from the preceding hypothetical would still unfairly enrich the lender at the expense of the guarantor. We are convinced that the Legislature never intended to facilitate such scenarios. To the contrary, it is apparent to us that the Legislature fully anticipated that its work product would require lenders seeking deficiency judgments against any potentially liable defendants, NRS 40.459, to prove the actual existence of a deficiency in accordance with the statutory scheme.

Today's holding is consistent with general principles of guaranty law. As a general rule, the payment or other satisfaction or

extinguishment of the principal debt or obligation by the principal or by anyone for him discharges the guarantor. 38 *C.J.S. Guaranty* § 77 (1943). *See generally* Bledsoe v. Corgill, Inc., 452 So.2d 1334 (Ala.Ct.App. 1984); Shur-Gain Feed Div. v. Huntsville Production, 372 So.2d 1317 (Ala.Ct.App. 1979); McGill v. Idaho Bank & Trust Co., 632 P.2d 683 (Id. 1981); Iola State Bank v. Biggs, 662 P.2d 563 (Kan. 1983); First Nat. Bank of Anthony v. King, 583 P.2d 389 (Kan.Ct.App. 1978); Continental Bank & Trust Co. v. Akwa, 206 N.W.2d 174 (Wis. 1973). A Florida court came to a similar decision in a case analogous to the instant case. In Spencer v. American Adv. Corp., 338 So.2d 62 (Fla.Dist.Ct.App. 1976), the court ruled that despite a guaranty agreement which unconditionally guaranteed the full indebtedness of the purchaser, when the fair market value of the property, as determined by the trier of fact, is greatly in excess of the amount found due by the final decree of foreclosure, the guarantor is released. *Id.* at 63.

Moreover, if a guarantor were obligated to pay the judgment for the deficiency, the debtor arguably could be obligated to reimburse the guarantor for amounts paid on the debtor's behalf. Thus, unless the guarantor were entitled to the protection of the deficiency judgment laws, the debtor might be indirectly subject to the payment of the deficiency that the statutes were designed to prevent. *See, e.g., id.;* Mutual Finance Co. v. Politzer, 256 N.E.2d 606, 610-611 (Ohio 1970) (if guarantor is not given a defense against recovery of deficiency, mortgagor will not receive protection statute designed to give); Kocsorak v. Cleveland Trust Co., 85 N.E. 2d 96, 100 (Ohio 1949) (statute made judgment as to deficiency remaining due unenforceable after expiration of period of time after date of judicial sale); Exchange National Bank of Chicago v. Spalitta, 295 So.2d 18, 21-22 (La. 1974); Klinke v. Samuels, 190 N.E. 324, 326 (N.Y. 1934); Apache Lanes, Inc. v. National Educators Life Ins. Co., 529 P.2d 984, 986 (Okla. 1974); North End Bank & Trust Co. v. Mandell, 155 A. 80, 81-82 (Conn. 1931), Annot., 49 A.L.R.3d 549.

Although the maker of the note would likely assert the deficiency statute as a defense against the guarantor, if successful "the result would be to subject the guarantor to a defense which he never contemplated, and which does not result from his own actions, but from the creditor's neglect [or imposition]." Manufacturers & Traders Trust v. Dist. Ct., 94 Nev. at 557, 583 P.2d at 448 (GUNDERSON, J., dissenting).

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Balboa Ins. Co. v. Southern Distrib. Corp.,

101 Nev. 774, 710 P.2d 725 (1985). As a matter of law, Fern Shields, as a guarantor, is entitled to the protection of the deficiency legislation irrespective of whether she had an interest in the realty. Moreover, FIB did not comply with the provisions of NRS 40.455 which require a creditor to apply for a deficiency judgment within three months of the date of the sale of the realty. For the foregoing reasons, FIB has no claim against respondents.

Accordingly, the judgment is affirmed.