A. VERNE CROWELL; BARBARA W. CROWELL; MICHAEL V. CROWELL; JONETTE D. CROWELL; A. GARY CROWELL AND PAIGE CROWELL, APPELLANTS, *v.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, RESPONDENT.

No. 16623

December 29, 1986                                      731 P.2d 346

---

*Robison, Lyle, Belaustegui & Robb,* Reno, for Appellants.

*Hawkins & Sharp,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This action originally stemmed from a trustee's sale of farm property under a deed of trust given as security for a promissory note in favor of respondent, John Hancock Mutual Life. The Crowell family members each personally guaranteed the promissory note in the face amount of $1,280,000 which was executed by Bar Vee Dairy, Inc. The note provided for interest at the rate of 12 percent per annum unless a default occurred, then the percentage escalated to 18 percent.

Bar Vee Dairy, Inc. experienced difficulty in operating the dairy ranch that constituted the property encumbered by the deed of trust and on several occasions sought to deed back the operation to John Hancock and take a $370,000 loss on their investment. Bar Vee apparently failed to pay the deferred interest due on October 1, 1982 and the regular interest due April 1, 1983. On May 12, 1983, John Hancock executed and recorded a notice of default and election to sell under the deed of trust.

On October 7, 1983, the trustee's sale was held in Reno. The only bid was submitted by John Hancock for $1,280,000, the full face amount of the promissory note.

On January 3, 1984, John Hancock timely filed Application for Deficiency Judgment and Complaint. The Application for Deficiency Judgment alleged two causes of action. The first was against Bar Vee for the difference between the fair market value of the farm and the indebtedness owed as of the date of the trustee's sale. John Hancock alleged that the fair market value of the property was $1,340,000 and that the deficiency should

amount to $247,337. The second cause of action was essentially identical to the first, except it was against the guarantors.

At trial, both sides presented testimony on the fair market value of the farm. John Hancock's expert stated that the fair market value was $1,340,000. The expert provided by the Crowells placed a value on the property of $1,650,000.

In a jury instruction, the trial judge directed a verdict against the guarantors and in favor of John Hancock with the following language:

> Ladies and gentlemen of the jury, it becomes my duty at this time to instruct you that the defendants, Verne Crowell, Barbara Crowell, Michael Crowell, Jonette Crowell, Gary Crowell and Paige Crowell have failed to establish or prove any defense to their liability under the guaranty contract, and I hereby instruct you upon retiring to the jury room to return a verdict for the plaintiff in a sum equal to the difference between $1,340,000 and the balance due plaintiff under the Promissory Note and Deed of Trust.

The trial judge then proceeded to allow the jury to determine the amount of debt owed on the promissory note as of October 7, 1983.

The jury was also instructed by the lower court to determine whether the fair market value of the farm exceeded the amount owed on the date of the trustee's sale. The jury found that the amount of indebtedness owed John Hancock was $1,565,608.42 and *further found that the fair market value of the property exceeded the amount of the indebtedness on the date of the trustee's sale.*

The trial judge upheld the jury's verdict of no deficiency in the claim against Bar Vee Dairy, Inc., but also entered judgment in the amount of $225,608.42 plus $10,000 in attorney's fees and court costs of $868.45 against the guarantors.

The Crowells filed a post-trial motion entitled Motion For Judgment On Jury Verdict, on the grounds that the jury had found that the indebtedness was fully satisfied by the trustee's sale, and that John Hancock had only sued the Crowells for the deficiency owed by Bar Vee. The court denied the motion. This appeal by the Crowells followed.

The trial court directed a verdict against the Crowells as guarantors, finding that they had failed to prove any affirmative defenses to the guaranty contract *and to the fair market value of the farm property as alleged by John Hancock in its complaint.* The trial judge thus set the stage for determining the amount of damages against the guarantors by instructing the jurors to find the amount of the debt owed to John Hancock under the promis-

sory note as of the date of the trustee's sale. When the jury's verdict established the debt at $1,565,608.42, the trial judge simply subtracted the fair market value of the property *as alleged by John Hancock* ($1,340,000) and arrived at the resulting damage figure of $225,608.42 plus attorney's fees and costs.

We need not determine the propriety of the directed verdict against the guarantors as to liability under the guaranty contract. The trial court erred in accepting as true the fair market value of the property as asserted by John Hancock in its complaint and thereafter entering judgment against the guarantors based upon that value. In proceeding as it did, however, the trial judge relied on this court's opinion in Thomas v. Valley Bank of Nevada, 97 Nev. 320, 629 P.2d 1205 (1981). Under *Thomas,* the procedure followed by the trial court in the instant case would have been acceptable. However, in the recently decided case of First Interstate Bank of Nevada v. Shields, 102 Nev. 616, 730 P.2d 429 (1986), this court overruled the *Thomas* decision and specifically held that guarantors enjoyed the protection of Nevada's deficiency legislation.

The instant case serves to highlight the incongruity and injustice that derives from denying guarantors the benefit of our deficiency judgment policies. The jury, sitting as a trier of fact, and after hearing expert testimony concerning the value of the property acquired by John Hancock at the trustee's sale, determined that the indebtedness owed by the primary obligor, Bar Vee, had been fully satisfied since the fair market value of the property exceeded the amount of the debt. Justice was thus accorded to both Bar Vee, the debtor, and John Hancock, the creditor. The former, who had defaulted under the terms of the secured promissory note, lost property of a value greater than the debt, but the debt was thereby satisfied in full. The latter, John Hancock, realized the legitimate expectancy of a creditor, *i.e.,* complete satisfaction of the debt. However, when the trial court entered judgment against the individual guarantors the result was both incongruous and unjust; incongruous because a fair market value asserted unilaterally by the creditor was accepted and imposed against appellants in direct conflict with both the statutory scheme for determining the fair market value of realty sold at a trustee's sale and the express determination of a much higher fair market value by a jury that heard and weighed the evidence on the subject, and unjust because the guarantors, who had contracted to pay the debt upon default only to the extent that it was not satisfied, nevertheless were ordered to pay substantial sums beyond the amount of the fully satisfied debt. The creditor, who was lawfully entitled to only one debt satisfaction, enjoyed

an unwarranted double recovery as to a substantial portion of the debt. Moreover, under the written terms of the guaranty agreement, the individual guarantors agreed, in pertinent part, that "the cessation of liability of the maker, or any other person *(for any reason other than full payment)* . . . shall not affect in any way the liability of the undersigned under this guaranty" (emphasis supplied). By clear inference, the guarantors were to be released from their liability as guarantors upon full payment of the debt. The jury, by its verdict, found that the debt had been paid in full. It follows, therefore, that the guarantors should not have been liable under any circumstances.

For these reasons, the judgment is reversed in its entirety and the cause remanded for the purpose of determining the amount of costs and fees, if any, due appellants.