Andrew D. Hurwitz, Phoenix, Ariz., for plaintiff-appellee.

Steven D. Mollath, Reno, Nev., for defendant-appellant.

**FBW ENTERPRISES, a Nevada general partnership, Plaintiff-Appellee,**

v.

**The VICTORIO COMPANY, an Arizona corporation, Defendant-Appellant.**

**No. 86–2332.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 17, 1987.

Decided July 13, 1987.

Before CHAMBERS, PREGERSON and CANBY, Circuit Judges.

CANBY, Circuit Judge:

The issue in this case is whether the protections of Nevada's "one action" rule and deficiency judgment statutes, Nev.Rev. Stat. 40.430 & 40.451–40.459, apply to a creditor's action against a guarantor of a secured debt. We conclude that the deficiency judgment statutes apply, and reverse the summary judgment rendered in the district court in favor of the appellee.

**BACKGROUND**

The material facts in this case are undisputed. In February, 1982, Victorio Investment Company (Investment Company), a California limited partnership, purchased from plaintiff-appellee FBW Enterprises real property in Washoe County, Nevada. Defendant-appellant Victorio Company (Victorio), an Arizona Corporation, was the Investment Company's sole general partner. For the Investment Company, Victo-

rio executed a promissory note to FBW in the principal amount of $1,595,096.00. The promissory note was secured by a deed of trust encumbering the realty. In addition, FBW required Victorio to execute and deliver a separate "Guarantee of Payment" of the note.

As part of the real estate transaction, FBW borrowed $2 million from Valley Bank of Nevada in exchange for which FBW gave Valley its promissory note. FBW also assigned to Valley the Investment Company's promissory note and the Victorio guaranty, with full rights of recourse against FBW.

The Investment Company failed to make payments due on the promissory note. On August 13, 1982, Valley recorded a notice of intention to sell the property subject to the deed of trust. One month later, Valley sued Victorio in state court, seeking judgment under the note. On December 15, 1982, Valley purchased the realty at a nonjudicial foreclosure sale for $750,000. This sale price was applied to the promissory note from the Investment Company, reducing the balance owed to $1,021,752.95.

In 1984, Valley voluntarily dismissed the Washoe County lawsuit without prejudice. Valley collected the amount of the deficiency from FBW, reassigning the note and guaranty to FBW.

On July 22, 1985, FBW filed this diversity action against Victorio in the United States District Court for the District of Nevada, seeking judgment under the guaranty for the amount FBW paid Valley. Victorio denied liability on two related grounds: first, that the action was barred by Nevada's "one action" rule which provides that there shall be but one action for the recovery of any debt, Nev.Rev.Stat. 40.430(1); and, second, that the action was barred by the deficiency judgment statute, 40.451–40.459 (governing actions to collect debts secured by real property).

On cross-motions for summary judgment, the district court did not apply the one action rule and the deficiency judgment

statutes to FBW's suit on the Victorio guaranty. The court held that the guaranty was "a separate contract and obligation of [Victorio] from the promissory note given to FBW by VIC, regardless of the fact that [Victorio] is the sole general partner of VIC." Order, Findings of Fact, Conclusions of Law and Judgment ¶ 12. The district court entered judgment for FBW in the amount of $1,595,096.06 (the maximum recoverable under the terms of the guaranty) plus attorneys fees and costs.

## DISCUSSION

The district court's refusal to extend to a guarantor the protection of Nevada's deficiency judgment statutes appears to have correctly reflected then-controlling decisions of the Nevada Supreme Court.[1] Under prior law, the statutory provisions governing deficiency judgments did not apply to actions on guaranty contracts that were separate from the primary obligation. *Component Systems Corporation v. District Court*, 101 Nev. 76, 692 P.2d 1296 (1985); *Thomas v. Valley Bank*, 97 Nev. 320, 629 P.2d 1205 (1981); *Manufacturers & Traders Trust Co. v. District Court*, 94 Nev. 551, 583 P.2d 444 (1978). After the briefs were submitted on this appeal, however, the Nevada Supreme Court expressly overruled those decisions. *First Interstate Bank v. Shields*, 102 Nev. 616, ——, 730 P.2d 429, 430–31 (1986) (per curiam).

In *Shields*, the Nevada Supreme Court broadly rejected its earlier holdings in *Thomas* and *Manufacturers & Traders Trust* and determined that the legislative scheme of Nev.Rev.Stat. 40.451–40.459 mandated statutory deficiency judgment protection for all forms of obligors for the principal debt. Specifically considering an action under a guaranty contract, the court reasoned that "unless the guarantor were entitled to the protection of the deficiency judgment laws, the debtor might be indirectly subject to the payment of the deficiency that the statutes were designed to

---

1. We review *de novo* the district court's interpretation of state law. *Matter of McLinn*, 739

F.2d 1395 (9th Cir.1984) (en banc).

prevent." *Shields*, 102 Nev. at ——, 730 P.2d at 432 (citations omitted). The court supported its new ruling on general principles of guaranty law, under which payment, satisfaction, or extinguishment of the principal debt discharges the guarantor. 102 Nev. at ——, 730 P.2d at 432 (citing authority). *See also Crowell v. John Hancock Mut. Life Ins. Co.*, 102 Nev. 640, 731 P.2d 346, 348 (1986) (under Nevada deficiency judgment legislation, protecting guarantors, creditors are "lawfully entitled to only one debt satisfaction"). The primary debt in *Shields* was extinguished because the bank did not sue within the statutory period for deficiency actions.

FBW contends that *Shields* should not apply retroactively because the parties, including Valley and the Investment Company, relied on *Thomas* and *Manufacturers & Traders Trust*. Those cases were still good law when appellee made its deficiency payment to Valley and was reassigned the guaranty contract.

This court should apply the law as presently defined by the highest court of Nevada. *Vandenbark v. Owens-Illinois Glass Co.*, 311 U.S. 538, 541, 61 S.Ct. 347, 349, 85 L.Ed. 327 (1941); *Nelson v. Brunswick Corp.*, 503 F.2d 376, 381 (9th Cir.1974); *see also Safeco Insurance Co. v. Guyton*, 692 F.2d 551, 554 n. 2 (9th Cir.1982). In *Nelson*, we suggested that *Vandenbark* seemed to require a "hard and fast" application of a new state decision, regardless of the retroactive effect the state court would give it. On the other hand, the alternative of predicting whether the state would apply a new overruling decision retroactively might more precisely attain the uniformity of state and federal decisions sought in *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). *See Nelson*, 503 F.2d at 381 n. 12; *Royal Bank v. Trentham Corp.*, 665 F.2d 515, 517 (5th Cir. Unit A 1981). The outcome in *Nelson* turned out to be the same under both approaches because we found that the state court would also apply the

new decision to cases arising before the court announced its new rule. The same situation prevails here.

The *Shields* decision itself retroactively applied the court's new holding. And, one week later, in express reliance on *Shields*, the Nevada Supreme Court again applied Nevada's deficiency judgment statutes to bar an action on a guaranty contract in a case pending on appeal when *Shields* was announced. *Crowell v. John Hancock Mut. Life Ins. Co.*, 102 Nev. at ——, 731 P.2d at 347–48.[2] Both *Shields* and *Crowell* held application of the deficiency judgment statutes necessary to achieve the public policy established by the legislature. Thus, like the outcome in *Nelson*, applying *Shields* under a hard and fast rule yields the identical retroactive effect we conclude the state court would give to its new decision. *Nelson*, 503 F.2d at 381 n. 12; *see also Hegger v. Green*, 646 F.2d 22, 26 n. 6 (2d Cir.1981); *Downs v. J.M. Huber Corp.*, 580 F.2d 794, 796 (5th Cir.1978).

Under the Nevada statute, an action for deficiency judgment must be brought within three months after the date of the foreclosure or trustee's sale. Nev.Rev.Stat. 40.455. A hearing to take evidence on the fair market value of the property must precede a judgment for deficiency. Nev. Rev.Stat. 40.457. The court may not award money judgment against defendants personally liable for the debt in excess of:

1. The amount by which the amount of the indebtedness which was secured exceeds the fair market value of the property sold at the time of the sale, with interest from the date of the sale; or

2. The amount which is the difference between the amount for which the property was actually sold and the amount of the indebtedness which was secured, whichever is the lesser amount.

Nev.Rev.Stat. 40.459.

It is undisputed that this action was not commenced within the three-month statu-

---

2. The court also found that the guaranty obligations were extinguished by foreclosure, which satisfied the underlying debt. 102 Nev. at ——, 731 P.2d at 348. This reasoning likewise shows the court's willingness to apply the general guaranty-law principles discussed in *Shields* retroactively.

tory period that runs from the date of the trustee's sale under Nev.Rev.Stat. 40.455. No hearings on fair market value were conducted, and the other conditions of deficiency judgments under Nev.Rev.Stat. 40.-453–40.459 were not observed.

## CONCLUSION

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *E.g., Anderson v. Liberty Lobby, Inc.,* — U.S. ——, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Noncompliance with the substantive deficiency judgment provisions requires reversal of the summary judgment and entry of judgment for appellant on its counter-motion for summary judgment. Because we find the deficiency judgment statutes applicable under the authority of *Shields,* we do not consider the applicability of Nevada's one action rule, Nev.Rev.Stat. 40.430, to this case.

REVERSED AND REMANDED FOR ENTRY OF SUMMARY JUDGMENT IN FAVOR OF APPELLANT.