An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE MAFIA COLLECTION, A NEVADA LIMITED LIABILITY COMPANY, Appellant, vs. ANDREW DEMAIO; GC-GLOBAL CAPITAL CORP., A CANADIAN CORPORATION; JVLV HOLDINGS, LLC; AND JVLV NEW HOLDINGS, LLC, Respondents. | No. 63631 |

FILED

JUN 2 4 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

| | |
|---|---|
| THE MAFIA COLLECTION, A NEVADA LIMITED LIABILITY COMPANY, Appellant, vs. ANDREW DEMAIO; GC-GLOBAL CAPITAL CORP., A CANADIAN CORPORATION; JVLV HOLDINGS, LLC; AND JVLV NEW HOLDINGS, LLC, Respondents. | No. 64748 |

## ORDER OF REVERSAL AND REMAND

These are consolidated appeals from district court orders granting summary judgment in favor of the respondents and an order awarding fees and costs. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

Appellant, The Mafia Collection (Mafia), guaranteed the obligations of Murder, Inc., LLC, by granting several secured parties, including GC-Global and JVLV, a security interest in collateral comprised of approximately 1500 mob artifacts that Mafia owned. After Murder, Inc.

defaulted on the loans, GC-Global and JVLV filed complaints, seeking, among other relief, foreclosure on the collateral. While the case was pending, Mafia acquired some of the notes that it guaranteed. Mafia then filed a counterclaim/third-party claim against the collateral agent, Andrew DeMaio, alleging unjust enrichment and breach of fiduciary duty. The district court granted summary judgment in favor of GC-Global, JVLV, and DeMaio (cumulatively "the respondents"), and awarded attorney fees and costs as allegedly provided for in the parties' secured notes and security agreement.

Mafia appeals, raising three principal arguments: (1) the district court erred by ruling that Mafia's interests in the collateral merged when it allegedly acquired some but fewer than all of the secured notes, (2) the district court erred by dismissing as nonassignable its claim for breach of fiduciary duty, and (3) the security agreement did not provide for attorney fees and costs. Our review of the district court orders granting summary judgment is de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), and we reverse and remand.

I.

"Summary judgment is appropriate under NRCP 56 when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, that are properly before the court demonstrate that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law." *Id.* at 731, 121 P.3d at 1031. The record assembled thus far does not establish as a matter of law that the merger doctrine or Nevada's fraudulent transfer statute extinguished Mafia's claims. We therefore reverse.

At the outset, the respondents and district court mistake Mafia's acquisition of 29 (or 31)[1] secured notes as an attempt to owe a debt to itself when in fact Mafia is the nondebtor guarantor—not the debtor. *Thomas v. Valley Bank of Nev.*, 97 Nev. 320, 323, 629 P.2d 1205, 1207 (1981) ("[G]uarantors['] . . . obligations are wholly separate from the principal obligation guaranteed."), *overruled on other grounds by First Interstate Bank of Nev. v. Shields*, 102 Nev. 616, 730 P.2d 429 (1986). As a nondebtor guarantor, Mafia did not owe a debt to the creditors from whom it acquired the notes. Instead, when Mafia acquired the notes, it reduced its liability as guarantor and "subrogated to the rights of the creditor." *Id.* at 325, 629 P.2d at 1209. Mafia's subrogation to the rights of a creditor did not, however, extinguish its independent duties as a guarantor to the remaining creditors, including JVLV and GC-Global. 38A C.J.S. *Guaranty* § 106 (2008) ("A settlement by the guarantor of one default does not discharge him or her from liability for another . . . ."). Accordingly, Mafia did not acquire all of the legal and equitable interests in the collateral given that, at minimum, the collateral guaranteed the unsatisfied secured notes from Murder, Inc. to JVLV and GC-Global, and as such, there could be no merger. *See Aladdin Heating Corp. v. Trustees of Cent. States*, 93 Nev. 257, 261, 563 P.2d 82, 85 (1977) ("Since respondents acquired only part of the subject matter covered . . . there can be no merger."); *see also Roy v. Luschar*, 108 Nev. 567, 571, 835 P.2d 807, 810 (1992) (holding that

---

[1]The record is unclear as to the number of notes that Mafia purchased from the "Former Noteholders." A dispute also appears to exist as to the legitimacy of some of the Mafia-acquired notes; we make no ruling on that issue one way or the other.

merger will not occur if "the interests said to merge were not coextensive and commensurate").

The respondents try to defend the district court's orders on the alternative basis that NRS 112.180 prohibits a defaulting debtor from working with some creditors with the intent to thwart enforcement of the other creditors' rights, charging that Mafia's purchase of the secured notes could serve no purpose "other than to hinder the remaining creditors' rights." We disagree. For one, the respondents' reliance on NRS 112.180 is misplaced because Murder Inc.—not Mafia—is the defaulting debtor. More importantly, there is nothing nefarious about a guarantor acquiring a secured party's note because "an owner of property on which there is a lien created or imposed by another may protect himself or herself by purchasing the lien." 51 Am. Jur. 2d *Liens* § 16 (2d ed. 2011). Indeed, the only "wrong" that the respondents protest is that they may not receive the entirety of the collateral, but that is the consequence of the multi-secured party security agreement that the respondents agreed to, not Mafia's acquisition of other secured parties' notes.

II.

Claims for breach of fiduciary duty are akin to fraud claims, *Stalk v. Mushkin*, 125 Nev. 21, 30, 199 P.3d 838, 844 (2009); *Nev. State Bank v. Jamison Family P'ship*, 106 Nev. 792, 799, 801 P.2d 1377, 1382 (1990), and rights of action based on fraud are not assignable because they are personal to the party who was defrauded. *Prosky v. Clark*, 32 Nev. 441, 445, 109 P. 793, 794 (1910). Here, the district court correctly reasoned that a claim for breach of fiduciary duty may not be assigned. Nevertheless, the district court erred by dismissing Mafia's counterclaim/third-party claim because there is a disputed issue of material fact as to the basis of Mafia's claim, namely, whether DeMaio

allegedly breached his fiduciary duty to Mafia in its personal capacity, as a guarantor and/or a creditor (after it acquired the secured loans), or whether DeMaio allegedly breached his fiduciary duty to the Former Noteholders, who in turn attempted to assign their claim to Mafia by virtue of the loan assignments. The former claim would be permissible; the latter would not.

For the foregoing reasons, we

ORDER the judgments of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order. Because the district court erred by granting summary judgment in favor of the respondents, we also VACATE the award of attorney fees and costs.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Joanna Kishner, District Judge
     Maier Gutierrez Ayon, PLLC
     Greenberg Traurig, LLP/Las Vegas
     Randolph L. Westbrook, III
     Eighth District Court Clerk