**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 15 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SNOW COVERED CAPITAL, LLC,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>WILLIAM WEIDNER; ESTATE OF ANDREW S. FONFA,<br><br>Defendants - Appellees,<br><br>and<br><br>LUCKY DRAGON, LP, DAVID JACOBY, ANDREW FONFA, SHELLEY D. KROHN, Trustee,<br><br>Defendants. | No. 25-124<br><br>D.C. No.<br>2:19-cv-00595-APG-NJK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted March 10, 2026
Las Vegas, Nevada

Before: BENNETT and SANCHEZ, Circuit Judges, and HOLCOMB, District Judge.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable John W. Holcomb, United States District Judge for the

In this deficiency judgment action, Snow Covered Capital, LLC ("SCC") appeals the district court's fair market value determination following a bench trial and the denial of contractual damages. We have jurisdiction under 28 U.S.C. § 1291.[1] We affirm.

1. "We review a district court's findings of fact following a bench trial for clear error, and will reverse only if the district court's findings are illogical, implausible, or without support in inferences from the record." *Chaudhry v. Aragón*, 68 F.4th 1161, 1171 (9th Cir. 2023) (cleaned up). The district court properly reached its fair market value determination by weighing conflicting expert testimony and other evidence. It identified the strengths and weaknesses in each appraiser's methodology, adopted the appraisal it deemed the most accurate, applied a reduction to account for potential skew, and used other indicators of fair market value to confirm its result. The district court's determination that there was no deficiency under Nevada law was not clearly erroneous.

---

Central District of California, sitting by designation.

[1] At oral argument, this Court inquired as to its subject matter jurisdiction over this matter. The parties then filed a joint statement showing that, at the time the complaint was filed, SCC was a citizen of California, Alabama, and Delaware, and Defendants were citizens of Nevada and Texas. We are satisfied that diversity jurisdiction exists. *See* 28 U.S.C. § 1332; *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004) ("[We] measure[] all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing.").

2. We review questions of law, including contract interpretation, de novo. *See Schertzer v. Bank of Am., NA*, 109 F.4th 1200, 1208 (9th Cir. 2024). SCC seeks to recover additional contractual damages pursuant to the Recourse Obligations Guaranty (the "Guaranty") despite the district court's finding of no deficiency. SCC's request is foreclosed by the combination of its stipulation to pre-foreclosure damages and the survival clause of the Guaranty. SCC stipulated with Defendants that "the entire amount" of pre-foreclosure damages totaled $59,200,705.33, and it "agree[d] not to offer or argue that there are any other pre-foreclosure damages." To the extent SCC seeks to add to its pre-foreclosure damages, the stipulation bars it from doing so. Furthermore, SCC is not entitled to any post-foreclosure damages under the Guaranty, which provides that "[e]ach and all of the representations, covenants, agreements, and indemnities made or given by Guarantor[s] in this Guaranty shall survive . . . the acquisition of the Premises by foreclosure . . . only to the extent of acts or events occurring, or obligations . . . first arising (as opposed to first discovered) prior to such . . . foreclosure." Therefore, SCC can recover neither additional pre-foreclosure damages nor post-foreclosure damages.

Nevada law also forecloses SCC's assertion of recoverable damages. Under Nevada guaranty law, "the payment or other satisfaction or extinguishment of the principal debt or obligation by the principal or by anyone for him discharges the

25-124

guarantor." *First Interstate Bank of Nev. v. Shields*, 102 Nev. 616, 619–20 (1986) (per curiam). Under Nevada's deficiency judgment statutes, "[i]f the trial court determines that the fair market value of the property at the time of sale exceeded the amount due the creditor, no deficiency exists and no party, guarantor included, may be held liable to the creditor." *Id.* at 619. Here, the district court compared the Guarantors' $59,200,705.33 in total indebtedness against the property's $60,000,000 fair market value and concluded that no deficiency existed. Accordingly, the district court correctly held that "there was no deficiency so the Guarantors did not breach the contract, at least as alleged in SCC's complaint."

**AFFIRMED.**