JAMES B. McMILLAN, APPELLANT, v. UNITED MORT-GAGE CO., A NEVADA CORPORATION, RESPONDENT.

No. 5365

January 30, 1968                                          437 P.2d 878

*Robert L. Reid,* of Las Vegas, for Appellant.

*Deaner, Butler & Adamson,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

The narrow question for decision in this case is whether, under the "One-action Rule" announced in NRS 40.430,[1] the

---

[1]NRS 40.430. "There shall be but one action for the recovery of any debt, or for the enforcement of any right secured by mortgage or lien upon real estate, or personal property, which action shall be in accordance with the provisions of this section, and NRS 40.440 and 40.450. In such action, the judgment shall be rendered for the amount

holder of 27 promissory notes totaling $52,650, which were secured by a second deed of trust, may maintain a personal action on the notes against the maker after the security has been lost by the foreclosure of a first deed of trust without any participation or wrongdoing on the part of the holder of the promissory notes which the second deed of trust secures.

We answer in the affirmative and hold that the "One Form of Action Rule" does not apply to a sold-out junior lienor where his security has been lost by foreclosure of a senior lienor.

There is clearly no reason to compel a junior lienor to go through a foreclosure and sale when there is nothing left to sell.

The position of a junior lienor whose security is lost through a senior sale is different from that of a selling senior lienor. A selling senior can make certain that the security brings an amount equal to his claim against the debtor, or the fair market value, whichever is less, simply by bidding in for that amount. He need not invest any additional funds.

The junior lienor, however, is in no better position to protect himself than is the debtor. Either would have to invest additional funds to redeem or buy in at the sale. Equitable consideration favors placing the burden on the debtor, not only because it is his default which provokes the senior sale, but also because he has the benefit of his bargain with the junior lienor, who, unlike the selling senior, might otherwise end up with nothing.

The obvious purpose of the "One-action Rule" is to compel one who has taken a special lien to secure his debt to exhaust

---

found due the plaintiff, and the court shall have power, by its decree or judgment, to direct a sale of the encumbered property, or such part thereof as shall be necessary, and apply the proceeds of the sale to the payment of the costs and expenses of the sale, the costs of the suit, and the amount due to the plaintiff. If the land mortgaged consists of a single parcel, or two or more contiguous parcels, situated in two or more counties, the court may, in its judgment, direct the whole thereof to be sold in one of such counties by the sheriff, and upon such proceedings, and with like effect, as if the whole of the property were situated in that county. If it shall appear from the sheriff's return that there is a deficiency of such proceeds and balance still due to the plaintiff, the judgment shall then be docketed for such balance against the defendant or defendants personally liable for the debts, and shall, from the time of such docketing, be a lien upon the real estate of the judgment debtor, and an execution may thereupon be issued by the clerk of the court, in like manner and form as upon other judgments, to collect such balance or deficiency from the property of the judgment debtor."

the secured property before having recourse to the general assets of the debtor.

Where, however, without his fault, the security has been lost by a foreclosure of the senior lienor, the policy of the law permits a personal action on the promissory note. Sav. Bank v. Central Mkt. Co., 54 P. 273 (Cal. 1898); Brophy v. Downey, 67 P. 312 (Mont. 1902); Roseleaf Corp. V. Chierighino, 378 P.2d 97 (Cal. 1963); McMillan v. United Mortgage Co., 82 Nev. 117, 412 P.2d 604 (1966).

Affirmed.