THOMAS M. MURPHY, Appellant, *v.* FEDERAL DEPOSIT INSURANCE CORPORATION, Receiver/ Liquidator of Mineral Bank of Nevada, a Nevada Banking Corporation, Respondent.

No. 19662

February 20, 1990                    787 P.2d 370

*Richard McKnight,* Las Vegas, for Appellant.

*Jones, Jones, Close & Brown* and *Kirk B. Lenhard,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a money judgment awarded in favor of respondent Federal Deposit Insurance Corporation. For the reasons set forth below, we affirm the district court's judgment.

### FACTS

Appellant, Thomas M. Murphy, was a vice-president in a corporate venture known as Las Vegas Hotel and Casinos Investors, Ltd. (LVHC). Between January 21 and December 17, 1982, LVHC executed four demand notes in favor of the Mineral Bank of Nevada (the Bank). Note 3, in the amount of $120,000, was executed on June 2, 1982, and was signed by Murphy and four other LVHC principals without specifying their capacities as corporate representatives.

A total principal amount of $426,490.38 was loaned to LVHC pursuant to the four notes. The notes were secured by deeds of trust on three parcels of property owned by LVHC, by general pledge agreements of the five LVHC principals, and by personal guaranties of the five principals executed December 17, 1982, each in the amount of $430,000. The maturity date on each note was extended to May 9, 1983, pursuant to four modification agreements signed on behalf of LVHC by Spiros Kallas as president, and Michael Osborne as secretary.

On June 30, 1983, the Bank was closed due to insolvency and the FDIC appointed as receiver. LVHC subsequently filed for

bankruptcy, and on May 14, 1984, the FDIC filed an action against the five principals as guarantors of the four notes. On July 22, 1985, the FDIC foreclosed on parcel 1, and on April 30, 1986, the FDIC foreclosed on parcel 3. Parcel 2 was foreclosed by lienholders unrelated to the instant dispute.

In December 1986, this court decided the case of First Interstate Bank v. Shields, 102 Nev. 616, 730 P.2d 429, and held that, contrary to prior Nevada case law, the protection of Nevada's deficiency judgment legislation (NRS 40.451 through 40.459) was applicable to an action on a guaranty contract. Thus, on February 18, 1987, the FDIC moved to file a first amended complaint in order to allege that its bids on parcels 1 and 3 were equal to the fair market value of those properties, and requested a fair market value hearing as required by NRS 40.457.

The district court granted the FDIC's motion to file a first amended complaint and the issue of the fair market values of parcels 1 and 3 was subsequently argued before a jury. After the jury returned its verdict, the district court ruled that each note, including Note 3, had been signed by the various principals in their capacities as corporate representatives and that the guaranty contracts rendered them personally liable on the notes. Thus, the district court entered a deficiency judgment against each principal in the amount of $424,330.79.

On appeal, Murphy contends that he was a maker of Note 3 and that his personal guaranty created no additional liability as to that note. Thus, Murphy concludes that he was entitled to the protection of Nevada's deficiency judgment legislation even before *Shields* was decided, and that because the FDIC did not apply for a deficiency judgment within 6 months of foreclosing on parcel 3, the FDIC is now precluded under NRS 40.455 from asserting his liability on Note 3.

## DISCUSSION

Murphy's contention that he was a maker rather than a guarantor of Note 3 lacks merit. UCC section 3-403, adopted in Nevada and set forth at NRS 104.3403, provides in pertinent part:

> 2. An authorized representative who signs his own name to an instrument:
>
> . . . .
>
> (b) Except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.

Under this statute, parol evidence is admissible to prove a person signed an instrument in his representative capacity. *See, e.g.,* North Carolina Equipment Company v. DeBruhl, 220 S.E.2d 867, 869 (N.C.Ct.App. 1976). In the instant case, Note 3 names the party represented by setting out the name Las Vegas Hotel and Casino Investors, Ltd. in the heading of the instrument and again just above the five principals' signatures. Thus, evidence of the parties' course of dealing was properly admitted and clearly established that Murphy and the other principals signed Note 3 as representatives of LVHC.

Approximately 8 months after the FDIC foreclosed on parcel 3, this court decided *Shields* and, as already noted, held that Nevada's deficiency judgment legislation was applicable to an action on a guaranty contract. Thus, by the time *Shields* was decided, the 6 month period set forth in NRS 40.455 for seeking a deficiency judgment had expired, effectively leaving the FDIC without a remedy against the guarantors of LVHC's indebtedness. We have previously recognized the unfairness of such a scenario.

In Carrillo v. Valley Bank, 103 Nev. 157, 734 P.2d 724 (1987), we overruled our prior decision in McMillan v. United Mortgage Co., 84 Nev. 99, 437 P.2d 878 (1968), to the extent that *McMillan* exempted sold-out junior lienholders from compliance with Nevada's deficiency statutes. In *Carrillo,* we also noted that the statutory period for seeking a deficiency judgment had long since expired. Thus, we held that "it would be unfair to reverse the Bank's judgment and leave it without a remedy, a predicament that clairvoyance alone could have avoided," and we reinstated Valley Bank's remedy of seeking a deficiency judgment. *Carrillo,* 103 Nev. at 159, 734 P.2d at 725-6. Applying the same reasoning, we hold that in the instant case the district court properly reinstated the FDIC's remedy of seeking a deficiency judgment.

Murphy's remaining contention is that the district court erred in restricting the testimony of his expert with regard to appraisals of parcels 1 and 3. The record indicates that the expert was not allowed to testify as to an appraisal performed 10 days before trial, and that the restriction was based on Murphy's failure to adhere to applicable discovery rules. The decision whether to permit an expert witness to testify when there has been a failure to comply with the disclosure requirements of NRCP 26(b)(4) is committed to the trial court's discretion. Otis Elevator Co. v. Reid, 101 Nev. 515, 523, 706 P.2d 1378, 1383 (1985). Murphy

has failed to establish such an abuse of discretion, and we therefore reject his argument.

For the foregoing reasons, we affirm the judgment of the district court.[1]

---

[1]THE HONORABLE JOHN C. MOWBRAY, Justice, has voluntarily recused himself from consideration of this case.