**UNITED STATES of America, Plaintiff,**

**v.**

**Jerry and Judith CAIL, Defendants.**

**No. CV-N-88-509-ECR.**

United States District Court,
D. Nevada.

April 2, 1990.

---

Susan Gorrow, Small Business Admin., Las Vegas, Nev., Shirley Smith, Asst. U.S. Atty., Reno, Nev., for plaintiff.

David J. Guinan, Reno, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

Before this Court are plaintiff's Motion for Summary Judgment filed on October 20, 1989, and defendants' Cross–Motion for Summary Judgment filed on November 8, 1989.

The facts underlying this case are rather lengthy and complex. Graphics House, Inc. (Graphics House), a business owned by Jerry and Judith Cail (the Cails), obtained a loan from Nevada First Bank (NFB) in the amount of $300,000.00, and executed a Promissory Note on December 20, 1984.

On that same date, the Cails executed a guarantee of the loan, and executed deeds of trust to two separate parcels of property. The loan was guaranteed by the Small Business Administration (SBA), a federal agency, and the terms and conditions of the guarantee were agreed to by Jerry Cail as president of Graphics House.

In October, 1985, Nevada First Thrift, a division of NFB, made an unsecured loan to Graphics House in the approximate amount of $60,000.00. Sometime in March 1986, NFB seized the sum of $35,000.00 from Graphics House's bank account, and called all loans that had been made to Graphics House. Plaintiff claims that such action was justified since Jerry Cail used fraudulent invoices in procuring the second loan from NFB. Defendants deny committing any fraud, and maintain that they do not know why NFB called the loans.

Defendants filed a petition in bankruptcy on June 23, 1986. In the interim, NFB had requested that the SBA honor its guarantee of the $300,000.00 Graphics House loan. In a letter dated April 28, 1986, the SBA stated that it would only honor the guarantee if the $35,000.00 seized from the Graphics House account would be credited towards the SBA guaranteed loan. Perhaps as a result of this letter, NFB's adjusted copy of a lender's transcript of account dated October 16, 1988 shows that offset was applied to the secured loan. Plaintiff claims that defendants' lawyer, Cheryl Skigin, had requested on behalf of the Cails that the SBA–guaranteed $300,000.00 loan be credited with the $35,000.00 seized account. Defendants deny that Ms. Skigin was acting on their behalf, and claim that she was not authorized to make such a request.

In any event, on April 11, 1988, the SBA, supported by NFB, filed a motion to lift the automatic stay. (NFB had previously assigned the $300,000.00 loan to the SBA). The Cails filed an opposition to the motion to lift the automatic stay, arguing that the SBA had lost its security by operation of Nevada's One Action Rule. In a Memorandum Decision filed on August 9, 1988, the bankruptcy court denied the SBA's motion.

The bankruptcy court noted that it was denying the motion to lift the automatic stay pending a determination of the secured status of the SBA claim. The bankruptcy court then strongly suggested that the proper forum for such a decision was the Nevada state courts since a determination of the secured status of the SBA claim might involve the determination of novel issues of Nevada law.

On September 26, 1988, the plaintiff filed a Complaint in this Court to determine the validity of the SBA lien. In its Complaint, plaintiff speciously argues that "the bankruptcy court has ordered that this matter be heard in District Court so that (sic) District Court can determine the validity of the SBA lien." In fact, as previously mentioned, the bankruptcy court expressed grave reservations as to whether a federal court was the proper forum to determine the issue. However, since this Court does have jurisdiction over the Complaint pursuant to 28 U.S.C. § 2410, and since neither party has objected to this Court's adjudication of the matter, this Court shall exercise its jurisdiction over the Complaint, and not abstain from hearing the matter.

As previously mentioned, plaintiff filed a Motion for Summary Judgment on October 20, 1989. On that same date, plaintiff also filed a Statement of Facts Not Genuinely in Issue. Defendants filed their Opposition to plaintiff's Summary Judgment Motion and their Objection to plaintiff's Statement of Facts Not Genuinely in Issue on November 7, 1989. On November 8, 1989, defendants filed a Cross–Motion for Summary Judgment. On November 17, 1989, plaintiff filed a Reply to defendants' Opposition to plaintiff's Motion for Summary Judgment, and an Opposition to defendants' Cross–Motion for Summary Judgment. On November 29, 1989, defendants filed a Reply to plaintiff's Opposition to defendants' Cross–Motion for Summary Judgment.

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The parties moving for summary judgment have the burden of establishing that there is no genuine issue of material fact; once this burden is met the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Trial courts should act with caution in granting summary judgment and may deny summary judgment where there is reason to believe that the better course would be to proceed to trial. *Id.* at 255, 106 S.Ct. at 2513.

In its Motion for Summary Judgment, plaintiff raises three arguments: (1) the reduction of the SBA debt was not an action within the One–Action Rule because it was done at the request of the defendants; (2) the One–Action Rule does not apply to a loan that is not secured by real property; and (3) guarantors are not entitled to the protection of the One–Action Rule. Meanwhile, the defendants present four arguments in their Cross–Motion for Summary Judgment. Defendants first argue that the SBA, as an assignee of the NFB promissory note, took this note subject to the Cails' defenses. Consequently, the SBA is subject to the one-action defense that is purportedly available to the Cails. The defendants' next argument is basically a reiteration of their first argument: the SBA ratified the acts of the NFB when it accepted the $35,000.00 and applied it to their loan. The defendants' third and fourth arguments are that the One–Action Rule has barred the SBA from pursuing the real property that secures the $300,000.00 loan, and the One–Action Rule applies to a guaranty secured by real property.

In the case before this Court, there does not appear to be any genuine dispute with regard to the material facts necessary to decide the Motion and Cross-Motion for Summary Judgment. Both plaintiff's Motion and defendants' Cross-Motion depend upon whether the One-Action Rule applies in this case. The so-called "One-Action Rule" is contained in NRS 40.430 which provides in pertinent part: "[t]here may be but one action for the recovery of any debt, or for the enforcement of any right secured by a mortgage or lien upon real estate. That action must be in accordance with the provisions of this section and NRS 40.433 to 40.459, inclusive." The purpose of this Rule "is to compel one who has taken a special lien to secure his debt to exhaust the secured property before having recourse to the general assets of the debtor." *McMillan v. United Mortgage Co.*, 84 Nev. 99, 101–02, 437 P.2d 878 (1968).

In this case, defendants argue that the SBA is barred by the One-Action Rule from pursuing the Cail's property which secured the $300,000.00 loan since the SBA has elected to set off the personal assets of the Cails against that loan. Plaintiff, however, has produced evidence that the defendants requested that the SBA demand that the $35,000.00 from The Graphics House banking account be set off against the $300,000.00 loan. Exhibit J to plaintiff's Statement of Facts Not Genuinely in Dispute. Defendants' only opposition to this evidence can be found in the mere pleadings themselves. *Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553. Therefore, this Court must accept, for the purposes of these Motions, plaintiff's claim that defendants requested that the seized bank account funds be set off against the $300,000.00 loan.

Since defendants requested the set-off, they cannot now use it to raise the One-Action Rule as a defense. There has been no "action" within the meaning of the One-Action Rule. Defendants rely on *Daily v. Bank of America*, 152 Cal.App.3d 767, 199 Cal.Rptr. 557 (1984), for the proposition that a set off can constitute an action for the purposes of the One-Action Rule. However, in *Daily*, the court emphasized that the set-off was unilateral in nature, and thus *Daily* can be distinguished from the facts in this case.

Even if *Daily* could not be distinguished from the facts of this case, however, this Court would still hold that the set off in this case did not constitute an action within the meaning of the "One-Action Rule." NRS 40.430(1) strongly suggests by its terms that an action requires some type of judicial action such as a decree or a judgment. NRS 40.430(1) requires that an action "be in accordance with the provisions of this section and NRS 40.433 and 40.459 inclusive." These provisions (NRS 40.433 through 40.459) all address actions or proceedings by a court. In particular, NRS 40.435 addresses judicial proceedings in violation of NRS 40.430, and effectively substitutes the term "judicial proceeding" for the term "action." Finally, the third sentence of NRS 40.430(1) also suggests that an action means a judicial action by stating: "[i]n that action, the judgment must be rendered for the amount found due the plaintiff, and the court, by its decree or judgment, may direct a sale of the encumbered property, or such part thereof as is necessary, and apply the proceeds of the sale as provided in NRS 40.462." [1]

Since there was no action in this case within the meaning of NRS 40.430, the SBA is not barred by the One-Action Rule from pursuing the Cail's property which secured the $300,000.00 loan. Since the One-Action Rule was not violated, defendants' remaining arguments in their Cross-Motion for Summary Judgment are without merit. Furthermore, this Court need not

---

**1.** The Nevada courts have also suggested that an action within the meaning of the One-Action Rule must be some sort of judicial action. *See Paramount Ins., Inc. v. Rayson & Smitley*, 86 Nev. 644, 649, 472 P.2d 530 (1970) (describing the judicial foreclosure sale as "but one judicial action" which would accomplish the purpose of suing on the note or selling the land); *Nevada Land & Mtge v. Hidden Wells*, 83 Nev. 501, 504, 435 P.2d 198 (1967) (NRS 40.430 is "a vehicle for efficient litigation and the prevention of a multiplicity of suits").

address plaintiff's other arguments in its Motion for Summary Judgment.

IT IS, THEREFORE, HEREBY ORDERED that plaintiff's Motion for Summary Judgment (# 23) is GRANTED, and defendants' Cross–Motion for Summary Judgment (# 28) is DENIED. The Clerk shall enter judgment accordingly.