135 Nev., Advance Opinion 21

## IN THE SUPREME COURT OF THE STATE OF NEVADA

WASTE MANAGEMENT OF NEVADA, INC.,
Appellant,
vs.
WEST TAYLOR STREET, LLC, A LIMITED LIABILITY COMPANY,
Respondent.

No. 74876

**FILED**

JUN 27 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK



Appeal from a final judgment in a declaratory relief action. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

*Reversed and remanded.*

Simons Law, PC, and Mark G. Simons, Reno,
for Appellant.

C. Nicholas Pereos, Ltd., and C. Nicholas Pereos, Reno,
for Respondent.

Peterson Baker, PLLC, and Tamara Beatty Peterson and Nikki L. Baker, Las Vegas,
for Amicus Curiae.

BEFORE THE COURT EN BANC.

## OPINION

By the Court, GIBBONS, C.J.:

In 2005, the Nevada Legislature enacted the garbage lien statute to give waste collection companies a method for collecting delinquent payments for their services. *See* NRS 444.520. For the first time, we are asked to interpret this statute and the procedures required to perfect and foreclose on a garbage lien. This dispute focuses on whether NRS 444.520(3)'s reference to the mechanics' lien statute incorporates only the mechanics' lien statute's procedural requirements for foreclosure, as set forth in NRS 108.239. Or, rather, if that reference to the mechanics' lien statute also incorporates the requirements for perfecting a lien, as set forth in NRS 108.226. Additionally, we are asked to determine if the perpetual nature of the garbage lien means that the foreclosure of a garbage lien is not subject to a statute of limitations. We hold that the reference to the mechanics' lien statute in NRS 444.520(3) incorporates only the mechanics' lien statute's procedural requirements for foreclosure. We also hold that no limitations period applies to the foreclosure of a garbage lien.

### FACTS AND PROCEDURAL HISTORY

Respondent West Taylor Street, LLC, is the owner of a duplex in Reno. This duplex has two addresses, and each address has a waste service account with appellant Waste Management of Nevada, Inc. At some point, both of these waste services accounts became delinquent. As a result, Waste Management filed three notices of liens against the property. West Taylor filed a complaint with the district court asking, among other things, for declaratory relief. West Taylor alleged that Waste Management did not properly follow the lien perfection requirements under NRS 108.226, which West Taylor argued the Legislature incorporated by reference into the garbage lien statute. West Taylor filed a motion for partial summary

judgment as to this issue. The district court granted West Taylor's motion for summary judgment, holding that the lien perfection requirements outlined in NRS 108.226 applied to the garbage lien statute. Therefore, the district court held that Waste Management did not properly record the lien because it failed to record it within 90 days of the completion of the work. The district court also held, in the alternative, that Waste Management could no longer foreclose on its liens because a two-year limitations period applied to the foreclosing on garbage liens. As a result of this ruling, Waste Management voluntarily released all three of its liens against the property. The parties proceeded to litigate other claims, until West Taylor voluntarily dismissed those claims. Waste Management now challenges the grant of summary judgment in West Taylor's favor as to the recordation of the liens.

## DISCUSSION

### This case is not moot

As an initial matter, we address West Taylor's argument that this matter is moot because Waste Management released the three liens. As a general rule, this court will decline to hear any case in which there is no actual controversy. *Univ. & Cmty. Coll. Sys. of Nev. v. Nevadans for Sound Gov't*, 120 Nev. 712, 720, 100 P.3d 179, 186 (2004) ("[T]he duty of every judicial tribunal is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles of law which cannot affect the matter in issue before it." (internal quotation marks omitted)). Therefore, if a case comes before this court when there is no actual controversy, even if the case had a live controversy at the outset, then we will dismiss the case as moot. *Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010) (holding that a case has to have an actual controversy during "all stages of the proceeding" or it would be dismissed as moot). Because the

district court's order granting summary judgment prevents Waste Management from refiling its garbage liens against West Taylor, we conclude that there is still a live controversy, and the case is not moot.

*The plain language of NRS 444.520(3) incorporates only the foreclosure procedures from the mechanics' lien statutes*

We review questions of statutory construction de novo. *Tam v. Eighth Judicial Dist. Court,* 131 Nev. 792, 799, 358 P.3d 234, 240 (2015). "If the plain meaning of a statute is clear on its face, then [this court] will not go beyond the language of the statute to determine its meaning." *Beazer Homes Nev., Inc. v. Eighth Judicial Dist. Court,* 120 Nev. 575, 579-80, 97 P.3d 1132, 1135 (2004) (internal quotation marks omitted) (alterations in original). When a statute is clear on its face, this court gives the statute's plain language its "ordinary meaning." *UMC Physicians' Bargaining Unit of Nev. Serv. Emps. Union v. Nev. Serv. Emps. Union / SEIU Local 1107,* 124 Nev. 84, 88, 178 P.3d 709, 712 (2008). If a statute is ambiguous, meaning that it is susceptible to multiple "natural or honest interpretation[s]," then this court will look beyond that statute to determine its meaning. *Tam,* 131 Nev. at 799, 358 P.3d at 240.

The plain meaning of NRS 444.520(3) is clear on its face. NRS 444.520(3) states:

> Until paid, any fee or charge levied pursuant to subsection 1 constitutes a perpetual lien against the property served, superior to all liens, claims and titles other than liens for general taxes and special assessments. The lien is not extinguished by the sale of any property on account of nonpayment of any other lien, claim or title, except liens for general taxes and special assessments. The lien may be foreclosed in the same manner as provided for the foreclosure of mechanics' liens.

SUPREME COURT
OF
NEVADA

(O) 1947A

4

Based on the definition of foreclosure, the statute's meaning is clear on its face as to which provision of the mechanics' lien statutes is incorporated into the garbage lien statute. "Foreclosure" is defined as *"[a] legal proceeding* to terminate a mortgagor's interest in a property instituted . . . either to gain title or to force a sale to satisfy the unpaid debt secured by the property." *Foreclosure, Black's Law Dictionary* (8th ed. 2004) (emphasis added). Under this definition, the ordinary meaning of the word "foreclosure" involves the actual legal proceeding itself and not the prerequisites of establishing the garbage lien and perfecting it. Therefore, to foreclose on a garbage lien, the lien holder must follow the foreclosure procedure established in the mechanics' lien statutes, which is outlined in NRS 108.239. Based on the statute's plain meaning, the only provision of the mechanics' lien statutes incorporated into NRS 444.520 is NRS 108.239.

Therefore, the district court erred in incorporating into NRS 444.520 the perfection requirements under the mechanics' lien statute as outlined in NRS 108.226, which is separate from NRS 108.239's foreclosure procedures. NRS 444.520(3) references mechanics' liens in the foreclosure context, not in the context of recording or perfecting a garbage lien. Further, NRS 444.520(4) already provides a method of perfecting a garbage lien. Thus, under the plain language of the garbage lien statute, the perfection requirements of the mechanics' lien statute, or any other requirements that do not involve the foreclosure of a mechanics' lien, are not incorporated. The district court erred when it incorporated anything beyond NRS 108.239 into the garbage lien statute. Accordingly, we hold that the district court erred in concluding that Waste Management needed to record its lien within 90 days of completing the work in accordance with NRS 108.226, and we reverse the district court's order on this ground.

*The district court erred by concluding that there is a two-year statute of limitations to foreclose on garbage liens*

Next, we address whether a statute of limitations applies to garbage liens, as the district court concluded that even if Waste Management had properly perfected its liens, it would be required to foreclose on those liens within two years. To determine whether there is an applicable limitations period for the foreclosure of a garbage lien, we again turn to the text of the statute.

NRS 444.520(3) provides that "[u]ntil paid, any fee or charge levied pursuant to subsection 1 constitutes a *perpetual* lien against the property served, superior to all liens, claims and titles other than liens for general taxes and special assessments." (Emphasis added.) "Perpetual" is defined as "lasting for eternity: never ending." *Perpetual, Webster's II New College Dictionary* (2011). Under a plain reading of the statute, the lien against the property should last until the debt is paid. Perpetual liens, while unusual, are not uncommon in the context of tax or assessment law. *See* 85 C.J.S. Taxation § 970 ("The duration of a tax lien is generally governed by statute and, ordinarily, a tax lien continues until the tax is paid or the property is sold for the tax."). States that have enacted perpetual liens have generally held that the liens last forever, and the ability to foreclose upon these liens is not limited by a general statute of limitations. *See, e.g., James v. Strange*, 407 U.S. 128, 132 (1972) ("Florida's recoupment law has no statute of limitations and the State is deemed to have a perpetual lien against the defendant's real and personal property and estate."); *Forman Realty Corp. v. Brenza*, 144 N.E.2d 623, 628 (Ill. 1957) ("The purpose of this statute is to make taxes a lien superior to all other liens without regard to priority in point of time and to continue such liens without limitation of time until taxes are paid. . . ."); *Swingley v. Riechoff,*

112 P.2d 1075, 1079 (Mont. 1941) ("The government's lien for taxes is based upon express statutory provision, and is a perpetual lien against which no statute of limitations can successfully be interposed.").

While the district court agreed that the garbage lien was perpetual, and that therefore the six-month statute of limitations in the mechanics' lien statute did not apply, it went on to conclude that the two-year statute of limitations under NRS 11.190(4)(b) applied.[1] To support this proposition, the district court relied on an early case from this court, *State v. Yellow Jacket Silver Mining Co.*, 14 Nev. 220 (1879). In that case, this court held that a tax lien could be perpetual, but the remedy of foreclosure was subject to a statute of limitations. *Id.* at 232.

However, the reasoning underlying this conclusion in *Yellow Jacket* is outdated, and therefore we decline to apply it here. *See* Bryan A. Garner et al., *The Law of Judicial Precedent* 178 (2016) ("[P]recedents become obsolete if the conditions or facts that existed when they were rendered are different or no longer exist, or if the underlying rationale is no longer sound."). In *Yellow Jacket*, this court, following California law, reasoned that the remedy of foreclosure could expire under the statute of limitations, but the obligation of the debt could remain. *See id.* at 232. ("A mortgage debt is not destroyed or extinguished by the statute of limitations. The remedy only is taken away." (*citing McCormick v. Brown*, 36 Cal. 180, 185 (1868))). However, separating the foreclosure remedy from its underlying debt is paradoxical, and as such, many states have rejected the

---

[1]NRS 11.190(4)(b) provides two years for bringing actions "upon a statute for a penalty or forfeiture, where the action is given to a person or the State, or both, except when the statute imposing it prescribes a different limitation."

notion that the debt may be separated from the foreclosure remedy. Nancy Saint-Paul, *Distinction Between Mortgage Lien and Mortgage Debt*, Clearing Land Titles § 6:2 (3d ed. 2018); *see also* Cal. Civ. Code § 2911(1) (eliminating the separation of the underlying debt from the foreclosure remedy). Nevada, like other states, has moved toward eliminating this separation under the "one action rule," which states that "[t]here may be but one action for the recovery of any debt, or for the enforcement of any right secured by a mortgage or other lien upon real estate." NRS 40.430(1); *see also McDonald v. D.P. Alexander & Las Vegas Boulevard, LLC*, 121 Nev. 812, 816, 123 P.3d 748, 751 (2005). Therefore, given that the underlying rationale for separating the remedy from the lien is outdated, we decline to follow the rule outlined in *Yellow Jacket*.

The plain language of NRS 444.520(3) indicates that the lien is perpetual, and therefore the remedy of foreclosure must also be perpetual. As another court has held regarding perpetual liens, "it is impossible to believe that the legislature meant to subject this lien, and the right to enforce it, to any limitation law; for then we would witness the anomalous condition, presented by a perpetual lien . . . without any power in the public to make such lien available." *Wells Cty. v. McHenry*, 74 N.W. 241, 248 (N.D. 1898). As that court aptly observed, "[a] lien that cannot be enforced is no lien at all." *Id.*

Accordingly, we hold that the district court properly concluded that garbage liens are perpetual but erred in applying both the lien perfection requirements set forth in NRS 108.226 and the two-year statute of limitations set forth in NRS 11.190(4)(b) to the foreclosure of those liens under NRS 444.520. Since a garbage lien is perpetual, it is not subject to a statute of limitations. Therefore, a municipal waste management company

SUPREME COURT
OF
NEVADA

(O) 1947A

may foreclose upon such a lien at any time so long as it properly perfects the lien under NRS 444.520(4). Therefore, we reverse the judgment of the district court and remand this case to the district court for further consideration consistent with this opinion.

_____, C.J.
Gibbons

We concur:

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver