IN THE SUPREME COURT OF THE STATE OF NEVADA

WASTE MANAGEMENT OF NEVADA, INC.,
Appellant,
vs.
WEST TAYLOR STREET, LLC, A LIMITED LIABILITY COMPANY,
Respondent.

No. 80841

FILED

FEB 04 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____S. Young_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a motion for attorney fees. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

We previously issued an opinion between the same parties based on the same facts. *Waste Mgmt. of Nev., Inc. v. W. Taylor St., LLC*, 135 Nev. 168, 443 P.3d 1115 (2019). This litigation began in 2012 when appellant Waste Management recorded garbage liens—totaling only $1,754.13—on respondent West Taylor's real property. The district court granted West Taylor's motion for summary judgment to invalidate the liens, finding that perfection requirements in the mechanics' lien statute applied to garbage liens, and Waste Management did not perfect the liens on West Taylor's property. *Id.* at 169, 443 P.3d at 1116. To comply with this order, Waste Management released its liens. *Id.*

Waste Management appealed, and we held that the district court erred by interpreting Nevada's garbage lien statute, NRS 444.520, as incorporating perfection requirements from the mechanics' lien statute, NRS 108.226. *Waste Mgmt.*, 135 Nev. at 171, 443 P.3d at 1117. We held

21-03425

that, "[b]ased on [NRS 444.520]'s plain meaning, the only provision of the mechanics' lien statutes incorporated into NRS 444.520 is NRS 108.239," which are foreclosure provisions, not perfection requirements. *Id.* Thus, we reversed the district court's order granting summary judgment in favor of West Taylor. *Id.* at 173, 443 P.3d at 1119.

On remand, West Taylor voluntarily dismissed its slander-of-title claim, and the district court dismissed the action after finding no remaining case or controversy. Waste Management then moved for attorney fees and costs under NRCP 68 based on an offer of judgment for $10,000 that West Taylor rejected in July 2017. In denying Waste Management's motion for fees, the district court analyzed and weighed the factors under *Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983), and found that, although West Taylor was unsuccessful on appeal, it litigated in good faith and did not unreasonably reject the offer of judgment *because it successfully removed the garbage liens*. The district court also found—by applying the substantial-benefit doctrine—that West Taylor litigated in good faith because the lawsuit served the community.

On appeal, Waste Management argues that the district court should have found, as a matter of law, that West Taylor litigated in bad faith because we held that the district court's ruling was erroneous, or alternatively, that the district court abused its discretion by erroneously applying the *Beattie* factors. It adds that the substantial-benefit doctrine should not apply to this dispute because West Taylor did not prevail.

If the district court applies the *Beattie* factors in an arbitrary or capricious manner, we will not defer to its discretion.[1] *Yamaha Motor Co.*

---

[1]We conclude that this dispute does not present a question of law because we need not interpret NRCP 68 or an attorney fee statute. *Cf.*

*v. Arnoult*, 114 Nev. 233, 251, 955 P.2d 661, 672 (1998); *see also State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931-32, 267 P.3d 777, 780 (2011) (holding that a capricious exercise of discretion is "contrary to the evidence or established rules of law" (quoting *Capricious, Black's Law Dictionary* (9th ed. 2009))). A district court can also abuse its discretion where it "fail[s] to apply the full, applicable [*Beattie*] analysis." *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 82, 319 P.3d 606, 616 (2014).

Under NRCP 68, a party may recover attorney fees and costs if the other party rejects an offer of judgment and fails to obtain a more favorable judgment. We set forth factors for district courts to weigh when awarding fees under NRCP 68, including,

> (1) whether [West Taylor]'s claim was brought in good faith; (2) whether [Waste Management's] offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether [West Taylor]'s decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by [Waste Management] are reasonable and justified in amount.

*Beattie*, 99 Nev. at 588-89, 668 P.2d at 274. "[T]he first three factors all relate to the parties' motives in making or rejecting the offer and continuing the litigation, whereas the fourth factor relates to the amount of fees requested." *Frazier v. Drake*, 131 Nev. 632, 642, 357 P.3d 365, 372 (Ct. App. 2015). Thus, the first three factors "require an assessment of whether the parties' actions were undertaken in good faith." *Id.*

---

*Estate of Miller*, 125 Nev. 550, 553, 216 P.3d 239, 241 (2009) ("[W]hen a party's eligibility for a fee award is a matter of statutory interpretation, . . . a question of law is presented, which we review de novo.").

The district court abused its discretion by using the fact that Waste Management released its liens to find that West Taylor brought its claims in good faith and that West Taylor's decision to reject the offer of judgment was reasonable. Waste Management released its liens to comply with the district court's order, which we reversed. *Waste Mgmt.*, 135 Nev. at 169, 443 P.3d at 1116. By not incorporating this court's opinion into its analysis of whether West Taylor litigated in good faith, the district court did not conduct the full applicable *Beattie* analysis and disregarded an established rule of law. *See Estate of Miller*, 125 Nev. at 554, 216 P.3d at 243 (holding that NRCP 68 applies to the final judgment after appeal). Thus, it applied the first and third *Beattie* factors in a capricious manner and abused its discretion.[2]

Under the first *Beattie* factor, West Taylor did not have a good-faith argument that the perfection requirements from the mechanics' lien statute, NRS 108.239, were incorporated into the garbage lien statute, NRS 444.520.[3] *See Waste Mgmt.*, 135 Nev. at 171, 443 P.3d at 1117. Under the second factor, Waste Management's offer of judgment for $10,000—to settle

---

[2]The district court likewise abused its discretion by applying the substantial-benefit doctrine to deny Waste Management's motion for attorney fees. As a matter of law, the substantial-benefit doctrine applies only to a successful party. *Thomas v. City of N. Las Vegas*, 122 Nev. 82, 91, 127 P.3d 1057, 1063 (2006) ("This doctrine allows recovery of attorney fees when a successful party confers a substantial benefit on the members of an ascertainable class . . . ." (internal quotation marks omitted)). The district court found that West Taylor was unsuccessful in litigation. Thus, it applied the substantial-benefit doctrine in a capricious manner, thereby abusing its discretion.

[3]We decline to hold that it is per se unreasonable, under NRCP 68, for a party to challenge a statute's plain meaning.

litigation for liens totaling $1,754.13—was reasonable in both its timing and amount. West Taylor's decision to reject the $10,000 offer of judgment, however, after almost five years of litigation to challenge only *nominal* fees, was grossly unreasonable. Thus, West Management is entitled to attorney fees pursuant to the rejected offer of judgment because West Taylor's "actions were not [undertaken] in good faith." *Frazier*, 131 Nev. at 642, 357 P.3d at 372. Therefore, we remand to the district court to determine a reasonable attorney-fee award. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[4]

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

---

[4]We have considered the remaining arguments raised by the parties and conclude that they are without merit.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Connie J. Steinheimer, District Judge
Simons Hall Johnston PC/Reno
C. Nicholas Pereos, Ltd.
Washoe District Court Clerk